McGREGOR W. SCOTT
United States Attorney
ROSANNE L. RUST
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

JESSICA URBAN
Department of Justice, Trial Attorney
United States Department of Justice, Criminal Division
Child Exploitation & Obscenity Section
1400 New York Avenue, N.W.
Washington, D.C. 20005

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>KEITH WILLETTE,<br><br>　　　　　　　Defendant. | CASE NO. 2:19-CR-0044 MCE<br><br>UNITED STATES' DETENTION MEMORANDUM IN SUPPORT OF DETENTION OF DEFENDANT KEITH WILLETTE<br><br>DATE: March 28, 2019<br>TIME: 2:00 p.m.<br>COURT: Hon. Edmund F. Brennan |

## I.　　INTRODUCTION

Keith Willette is charged with attempting to produce child pornography of Juvenile Victim 1 over a near two-period (ECF No. 1). This charge carries a presumption of detention. The charged attempted production count of Juvenile Victim 1 is not the only production of child pornography conduct involving Willette. As explained below, Willette has a long history of preying on minor victims. Accordingly, this Court should detain him pending trial because there are no conditions, or combination of conditions, of release that can assure Willette's appearance and the safety of the community as a whole, including the witnesses in this case.

///

///

## II.     FACTS SUPPORTING DETENTION

For decades, Willette was a gymnastics coach to young females in multiple states throughout the country. In that role, he was able to ingratiate himself with parents and gain trust and access to students who would later become his victims. In his role as coach, Willette began taking nude, invasive photographs of Juvenile Victim 1 under the pretense that such photographs were necessary to help Juvenile Victim 1 advance her gymnastics career and document her muscle tone.

In addition to Juvenile Victim 1, Willette harmed at least one other minor victim to whom he stood in a position of trust. Specifically, in the early 2000s, and again in 2019, Willette admitted to law enforcement that he had a sexual relationship with a minor female relative that lasted for years. As a part of those admissions, Willette said he filmed himself having sexual intercourse with that victim on at least one occasion and took photographs of her when she was naked and posed provocatively. Willette also admitted that he later destroyed the child pornography materials he made of the minor female relative.

During the course of the investigation, others also told law enforcement that Willette had a nasty temper, and had physically hit the same minor female relative he sexually abused, as well as at least one other family member.

Willette recently was released from prison after conviction on serious state felony charges. Specifically, he pleaded guilty last year to one count of California Penal Code Section 289(i), which prohibits the anal and genital penetration of a minor by a foreign object, and one count of California Penal Code Section 311.11(a), for possessing child pornography on or about May 25, 2017.

## III.     WILLETTE SHOULD BE DETAINED

### A.     Willette's Detention is Presumed Under the Bail Reform Act

Bail hearings generally proceed by proffer and the rules of evidence do not apply. 18 U.S.C. § 3142(f). The defendant has the right to call witnesses and to cross-examine government witnesses, if the government elects to call any. 18 U.S.C. § 3142(f).

The court must order a defendant detained if the court finds that conditions cannot be imposed that will assure the defendant's appearance, or the safety of the community or another person. 18 U.S.C. § 3142(e). The burden with respect to the flight risk prong is preponderance of the evidence. *United*

*States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990). With respect to danger, the government bears the burden by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

The indictment in this case, however, establishes probable cause that Keith Willette attempted to produce child pornography of Juvenile Victim 1 in violation of 18 U.S.C. §§ 2251(a) & (d). Therefore, in this case, Willette must rebut a presumption in favor of detention. 18 U.S.C. §§ 3142(e)(3)(E) and 3142(f)(1)(E).

### B.     The Factors in 18 U.S.C. § 3142(g) Support Detention

The Bail Reform Act sets out several factors the Court should consider in reaching its decision regarding detention and release. These include: (1) the nature and circumstances of the offense charged, including whether it is a crime that involves a minor victim; (2) the history and characteristics of the defendant, including the person's character, physical and mental condition, and past conduct; and (3) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors supports detention in this case.

First, production of child pornography is a serious crime that exploits one of the most vulnerable segments of society—children. The penalties are severe and, consequently, the incentive to flee is very high. Willette's history also supports detention. He has recent, prior felony convictions based on his harm to minor victims. As mentioned, Willette recently pleaded guilty to anal or genital penetration of a minor by a foreign object, and to possessing child pornography. In addition, Willette has admitted to law enforcement, that for years, he repeatedly, sexually abused a minor victim to whom he stood in a position of trust from a very young age. Besides physically harming her, Willette also admitted that he produced child pornography of that same minor victim, including creating at least one video of him having sex with her and taking pornographic photographs. During its investigation, the United States learned that Willette also destroyed evidence of some of his past crimes, such as the child pornographic video he created of him and his minor female relative. Willette has also threatened violence, and physically abused the same minor female relative he filmed. He also physically abused at least one other family member. When interviewed by law enforcement after his conviction on state charges, as recently as February 2019, Willette failed to show acceptance of responsibility for those crimes, and in

fact denied wrongdoing, and engaged in victim blaming. He thus remains a risk to reoffend. All of these facts support detention.

Given Willette's history, he poses a danger to the community generally, and the witnesses in this case specifically. He is a serial child abuser. He is extremely manipulative. He knows who the victims are and where they are located. To protect them, and the community at large, Willette should be detained as a danger to the community.

### IV.  CONCLUSION

The United States respectfully requests that the defendant be detained as a flight risk and as a danger to the community.

Dated: March 28, 2019

McGREGOR W. SCOTT
United States Attorney

By: /s/ ROSANNE L. RUST
ROSANNE L. RUST
Assistant United States Attorney