MCGREGOR W. SCOTT
United States Attorney
ROSANNE L. RUST
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

JESSICA URBAN
Department of Justice, Trial Attorney
United States Department of Justice, Criminal Division
Child Exploitation & Obscenity Section
1400 New York Avenue, N.W.
Washington, D.C. 20005

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>KEITH WILLETTE,<br><br>　　　　　　　Defendant. | CASE NO. 2:19-CR-44 MCE<br><br>STIPULATION TO SET MATTER FOR TRIAL AND REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on January 23, 2020, and then continued to April 23, 2020.

2. By this stipulation, defendant Keith Willette, through his counsel of record, and the United States hereby request that this matter be set for a jury trial on September 14, 2020 at 9:00 a.m. with a trial confirmation hearing set for August 13, 2020, at 10:00 a.m., and that the status hearing set for April 23, 2020 be vacated.

1

3. By this stipulation, the parties also request that any Rule 12 motions under the Federal Rules of Criminal Procedure be filed no later than June 1, 2020, and that any responses to such motions be due two weeks after any such motions are filed.

4. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes almost 10,000 pages of discovery, in addition to physical evidence, audio-recordings, VHS cassette tapes, and forensic images of multiple electronic devices. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Counsel for defendant desires additional time to continue to review the discovery, including the forensic images and physical evidence located at the Federal Bureau of Investigation. Defense counsel has begun reviewing the physical evidence this month, and has requested additional time to continue its review of that evidence and to have additional time to review the forensic images. Counsel for defendant also needs additional time to research and consider pretrial motions, and to conduct further investigation and research related to the charge, and otherwise prepare for trial. Both counsel for defendant also have other trials set in 2020 before September 2020, which will demand counsels' time and require preparation.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and continuity of counsel for defendant.

d) The government does not object to the continuance.

e) The government has conferred, *inter alia*, with "Juvenile Victim 1" (as referenced in the Indictment) regarding the September 2020 trial date, and s/he has represented that s/he is available for trial at that time and likewise requests that trial move forward at that time. *See generally* 18 U.S.C. § 3771(a)(7) (providing crime victims with the "right to proceedings free from unreasonable delay").

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 23, 2020 to September 14, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 22, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ ROSANNE L. RUST
ROSANNE L. RUST
Assistant United States Attorney

Dated: January 22, 2020

/s/ JEROME PRICE
JEROME PRICE
CHRISTINA SINHA
Assistant Federal Defenders for Defendant
KEITH WILLETTE

**ORDER**

IT IS SO ORDERED.

DATED: January 24, 2020

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE