McGREGOR W. SCOTT
United States Attorney
ROSANNE L. RUST
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

JESSICA URBAN
Department of Justice, Trial Attorney
United States Department of Justice, Criminal Division
Child Exploitation & Obscenity Section
1301 New York Avenue, N.W.
Washington, D.C. 20005

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-44 MCE |
| Plaintiff, | STIPULATION TO SET MATTER FOR TRIAL AND REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| KEITH WILLETTE, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status hearing regarding setting a jury trial on November 5, 2020.

2. By this stipulation, defendant Keith Willette, through his counsel of record, and the United States hereby request that this matter be set for a status hearing regarding setting a jury trial on December 3, 2020, at 10:00 a.m., and that the status hearing set for November 5, 2020 be vacated.

///

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes almost 10,000 pages of discovery, in addition to physical evidence, audio-recordings, VHS cassette tapes, and forensic images of multiple electronic devices. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) Counsel for defendant desires additional time to continue to review the discovery, including the forensic images and physical evidence located at the Federal Bureau of Investigation. Defense counsel began reviewing the physical evidence in January 2020, and has requested additional time to continue its review of that evidence and to have additional time to review the forensic images. Counsel for defendant also needs additional time to research and consider trial motions, and to conduct further investigation and research related to the charge, and otherwise prepare for trial.

    c) Further, defense counsel has related that their trial preparation—including the ability to meet with their client, review physical evidence, and interview witnesses—has been hindered by the ongoing COVID-19 pandemic.

    d) Counsel for defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and continuity of counsel for defendant.

    e) The government does not object to the continuance.

    f) The government has conferred, *inter alia*, with "Juvenile Victim 1" (as referenced in the Indictment) regarding a trial date as soon as is practicable, and s/he has represented that s/he is available for trial and likewise requests that trial move forward when the Court believes it safe to do so. *See generally* 18 U.S.C. § 3771(a)(7) (providing crime victims with the "right to proceedings free from unreasonable delay").

    g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

///

h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 5, 2020 to December 3, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  October 29, 2020                                McGREGOR W. SCOTT
                                                        United States Attorney


                                                        /s/ ROSANNE L. RUST
                                                        ROSANNE L. RUST
                                                        Assistant United States Attorney


Dated:  October 29, 2020                                /s/ JEROME PRICE
                                                        JEROME PRICE
                                                        CHRISTINA SINHA
                                                        Assistant Federal Defenders for
                                                        Defendant
                                                        KEITH WILLETTE

**FINDINGS AND ORDER**

The Court has read and considered the parties' Stipulation. The Court hereby finds that the Stipulation, which the Court incorporates by reference into this Order, demonstrates facts that provide a basis to exclude time under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]. Time is excluded under the Speedy Trial Act between November 5, 2020, and December 3, 2020.

IT IS SO ORDERED.

Dated: November 2, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE