```
PHILLIP A. TALBERT
Acting United States Attorney
ROSANNE L. RUST
CHRISTINA McCALL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

ALICIA A. BOVE
Department of Justice, Trial Attorney
United States Department of Justice, Criminal Division
Child Exploitation & Obscenity Section
1301 New York Avenue, N.W.
Washington, D.C. 20005

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-44 MCE |
|---|---|
| Plaintiff, | STIPULATION TO SET MATTER FOR TRIAL AND EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| KEITH WILLETTE, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a jury trial on January 10, 2022. Pretrial motions / motions in limine were to be filed on October 7, 2021.

2. By this stipulation, defendant Keith Willette, through his counsel of record, and the United States hereby request that this matter be set for a jury trial on May 9, 2022 and that the current trial date of January 10 be vacated.

3. The parties agree and stipulate, and request that the Court find the following:

1

a) The government has represented that the discovery associated with this case includes almost 10,000 pages of discovery, in addition to physical evidence, audio-recordings, VHS cassette tapes, and forensic images of multiple electronic devices. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Counsel for defendant desires additional time to continue to review the discovery, including the forensic images and physical evidence located at the Federal Bureau of 0Investigation. Defense counsel began reviewing the physical evidence in January 2020, and has requested additional time to continue its review of that evidence and to have additional time to review the forensic images. Counsel for defendant also needs additional time to research and consider trial motions, and to conduct further investigation and research related to the charge, and otherwise prepare for trial.

c) Further, defense counsel has related that trial preparation—including the ability to meet with her client, review physical evidence, and interview witnesses—has been hindered by the ongoing COVID-19 pandemic.

d) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and continuity of counsel for defendant. Counsel for the defendant also has had other criminal jury trials with different clients scheduled, which have impacted her ability to prepare for this case.

e) The government does not object to the continuance.

f) The government has conferred, *inter alia*, with "Juvenile Victim 1" (as referenced in the Indictment) regarding a trial date, and s/he has represented that s/he is available for trial on May 9, 2022. *See generally* 18 U.S.C. § 3771(a)(7) (providing crime victims with the "right to proceedings free from unreasonable delay").

g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which trial must commence, the time period of January 10, 2022 to May 9, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. The parties jointly request that the Court hold a trial confirmation hearing on March 24, 2022 at 10:00 a.m.

5. IT IS SO STIPULATED.

Dated:  October 7, 2021                                PHILLIP A. TALBERT
                                                       United States Attorney


                                                       /s/ ROSANNE L. RUST
                                                       ROSANNE L. RUST
                                                       Assistant United States Attorney


Dated:  October 7, 2021                                /s/ CHRISTINA SINHA
                                                       CHRISTINA SINHA

                                                       Assistant Federal Defender for
                                                       Defendant
                                                       KEITH WILLETTE

Case 2:19-cr-00044-JAM   Document 52   Filed 10/19/21   Page 4 of 4

**ORDER**

The Court has read and considered the parties' Stipulation. The Court ORDERS that the current trial date of January 10, 2022, is vacated, and a new trial date is set for May 9, 2022. The Court hereby finds that the Stipulation, which the Court incorporates by reference into this Order, demonstrates facts that provide a basis to exclude time under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]. Time is excluded under the Speedy Trial Act between January 10, 2022, and May 9, 2022. The Court sets the Trial Confirmation Hearing on March 24, 2022 at 10:00 a.m.

IT IS SO ORDERED.

Dated: October 18, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE