PHILLIP A. TALBERT
United States Attorney
ROSANNE L. RUST
CHRISTINA McCALL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

ALICIA A. BOVE
Department of Justice, Trial Attorney
United States Department of Justice, Criminal Division
Child Exploitation & Obscenity Section
1301 New York Avenue, N.W.
Washington, D.C. 20005

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>KEITH WILLETTE,<br><br>                  Defendant. | CASE NO. 2:19-CR-44 JAM<br><br>STIPULATION TO SET MATTER FOR TRIAL AND EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.     By previous order, this matter was set for a jury trial on May 9, 2022. Pretrial motions / motions in limine were to be filed on February 24, 2022.

2.     By this stipulation, defendant Keith Willette, through his counsel of record, requests that this matter be reset for a jury trial on October 31, 2022, and that the current trial date of May 9, 2022 be vacated. The government does not object to this request.

3.     The parties agree and stipulate, and request that the Court find the following:

1

a)      The government has represented that the discovery associated with this case includes over 10,000 pages of discovery, in addition to physical evidence, audio-recordings, VHS cassette tapes, and forensic images of multiple electronic devices.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      Counsel for defendant desire additional time to continue to review the discovery, including the forensic images and physical evidence located at the Federal Bureau of Investigation, which defense counsel began reviewing in January 2020, and to review other discovery with their client (much of which has been produced pursuant to a Protective Order, so that material cannot be left with the defendant).  Counsel for defendant also needs additional time to research and consider trial motions, and to conduct further investigation and research related to the charge, and otherwise prepare for trial.

c)      Further, defense counsel has related that trial preparation—including the ability to meet with their client, review physical evidence, and interview witnesses—has been hindered by the ongoing COVID-19 pandemic.

d)      Counsel for defendant believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and continuity of counsel for defendant.

e)      The government does not object to the continuance.

f)      The government has conferred, *inter alia*, with "Juvenile Victim 1" (as referenced in the Indictment) regarding a trial date, and s/he has represented that s/he is available for trial on October 31, 2022.  *See generally* 18 U.S.C. § 3771(a)(7) (providing crime victims with the "right to proceedings free from unreasonable delay").

g)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 9, 2022 to October 31, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.     The parties jointly request that the Court hold a trial confirmation hearing and a hearing on the pretrial motions and motions in limine on September 20, 2022.  The parties request the following briefing schedule for pretrial motions and motions in limine (understanding that the parties may file additional motions in limine closer to trial as issues arise):

          a)     Pretrial motions or motions in limine to be filed by August 23, 2022.

          b)     Oppositions to motions to be filed by September 6, 2022.

IT IS SO STIPULATED.

Dated:  February 17, 2022

PHILLIP A. TALBERT
United States Attorney

/s/ CHRISTINA McCALL
CHRISTINA McCALL
Assistant United States Attorney

Dated:  February 17, 2022

/s/ CHRISTINA SINHA
CHRISTINA SINHA
MEGAN HOPKINS
Assistant Federal Defenders for
Defendant KEITH WILLETTE

///
///
///
///
///
///
///
///
///
///

**FINDINGS AND ORDER**

The Court has read and considered the parties' Stipulation.  The Court ORDERS that the trial date be continued to October 31, 2022, at 9:00 a.m.  The Court hereby finds that the Stipulation, which the Court incorporates by reference into this Order, demonstrates facts that provide a basis to exclude time under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4].   Time is excluded

under the Speedy Trial Act between May 9, 2022, and October 31, 2022.  The Court adopts the parties' proposed motion briefing schedule and sets the Trial Confirmation Hearing and Pretrial Motions Hearing on September 20, 2022, at 9:30 a.m.

IT IS SO ORDERED.


Dated:  February 18, 2022                             /s/ John A. Mendez
_____
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE

4