1   PHILLIP A. TALBERT
    United States Attorney
2   ROSANNE L. RUST
    CHRISTINA McCALL
3   Assistant United States Attorneys
    501 I Street, Suite 10-100
4   Sacramento, CA 95814
    Telephone:  (916) 554-2700
5   Facsimile:   (916) 554-2900

6

7   ALICIA A. BOVE
    Department of Justice, Trial Attorney
8   United States Department of Justice, Criminal Division
    Child Exploitation & Obscenity Section
9   1301 New York Avenue, N.W.
    Washington, D.C.  20005

10

11  Attorneys for Plaintiff
    United States of America

12

13                  IN THE UNITED STATES DISTRICT COURT

14                  EASTERN DISTRICT OF CALIFORNIA

15  UNITED STATES OF AMERICA,            CASE NO.  2:19-CR-0044 JAM

16                     Plaintiff,

17           v.                          DATE: September 20, 2022
                                         TIME: 9:30 a.m.
18  KEITH WILLETTE,                      COURT: Hon. John A. Mendez

19                     Defendant.

20

21

22          UNITED STATES' MOTION IN LIMINE NO. 1 TO

23          ADMIT EVIDENCE OF DEFENDANT'S OTHER

24          SEXUAL MISCONDUCT & CONVICTIONS

25

26

27

28

1

2

**TABLE OF CONTENTS**

PAGE

3   I.      INTRODUCTION ...................................................................................................1

4   II.     FACTUAL BACKGROUND…………………………………………………..2

5   III.    LEGAL ARGUMENT………………………………………………….….5

6           A.      Evidence of the Defendant's Sexual Abuse of Juvenile Victim 1 Is Admissible
                    as Intrinsic Evidence and, In Any Event, to Show the Defendant's Motive,
7                   Intent, and Opportunity (Among Other Permissible Rule 404(b) Grounds)
                    When He Photographed Her. ................................................................................8

8
            B.      Evidence of the Defendant's Possession of Child Pornography Is Admissible
9                   Under both Rules 414 and 404(b). ....................................................................11

10          C.      Evidence of the Defendant's Similar Production of Child Pornography During
                    the Course of his Sexual Abuse of Juvenile Victim 2 Is Admissible Under
11                  Rules 414 and 404(b). .......................................................................................14

12
    IV.     CONCLUSION...................................................................................................18
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Doe ex rel. Rudy-Glanzer v. Glanzer*,
   232 F.3d 1258 (9th Cir. 2000) ............................................................... 7

*United States v. Anderson*,
   741 F.3d 938 (9th Cir. 2013) ............................................................ 7, 8

*United States v. Bosby*,
   755 F. App'x 706 (9th Cir. 2019) ......................................................... 13

*United States v. Daly*,
   974 F.2d 1215 (9th Cir. 1992) ............................................................. 8

*United States v. Deputee*,
   714 F. App'x 778 (9th Cir. 2018) ........................................................ 15

*United States v. Durham*,
   902 F.3d 1180 (10th Cir. 2018) ........................................................... 9

*United States v. Hadley*,
   918 F.2d 848 (9th Cir. 1990) ..................................................... 7, 10, 17

*United States v. Hanson*,
   936 F.3d 876 (9th Cir. 2019) ............................................. 11, 13, 14, 17

*United States v. Hardrick*,
   766 F.3d 1051 (9th Cir. 2014) ............................................................ 7

*United States v. Huntoon*,
   796 F. App'x 362 (9th Cir. 2019) ..................................................... 12, 13

*United States v. LeMay*,
   260 F.3d 1018 (9th Cir. 2001) ........................................... 6, 7, 13, 16

*United States v. Long*,
   328 F.3d 655 (D.C. Cir. 2003) ........................................................... 17

*United States v. Red Eagle*,
   293 Fed. Appx. 506 (9th Cir. 2008) ................................................... 15

*United States v. Reigle*,
   228 F. App'x 353 (4th Cir. 2007) ..................................................... 9, 10

*United States v. Riquene*,
   552 F. App'x 940 (11th Cir. 2014) ..................................................... 17

*United States v. Sheldon*,
   755 F.3d 1047 (9th Cir. 2014) ...................................................... 6, 11, 13

*United States v. Sioux*,
    362 F.3d 1241 (9th Cir. 2004) ............................................................................ 6

*United States v. Steinmetz*,
    900 F.3d 595 (8th Cir. 2018) .......................................................................... 9, 12

*United States v. Stern*,
    391 F. App'x 621 (9th Cir. 2010) ...................................................................... 15

*United States v. Summage*,
    575 F.3d 864 (8th Cir. 2009) ................................................................. 14, 15, 16

*United States v. Tashbook*,
    144 F. App'x 610 (9th Cir. 2005) .................................................................. 8, 10

*United States v. Thomas*,
    893 F.2d 1066 (9th Cir. 1990) .......................................................................... 11

*United States v. Thornhill*,
    940 F.3d 1114 (9th Cir. 2019) .................................................................. passim

*United States v. Young*,
    623 F. App'x 863 (9th Cir. 2015) ...................................................................... 13

## STATUTES

18 U.S.C. § 2251(a) ............................................................................................. 1, 6

18 U.S.C. § 3771(a) ............................................................................................. 18

Cal. Penal Code § 289(i) ......................................................................................... 4

Cal. Penal Code § 311.11(a) .................................................................................... 4

## RULES

Fed. R. Evid. 404(b) ...................................................................................... 7, 8, 17

Fed. R. Evid. 414 ............................................................................................... 2, 6

iii

PHILLIP A. TALBERT
United States Attorney
ROSANNE L. RUST
CHRISTINA McCALL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900


ALICIA A. BOVE
Department of Justice, Trial Attorney
United States Department of Justice, Criminal Division
Child Exploitation & Obscenity Section
1301 New York Avenue, N.W.
Washington, D.C. 20005

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>KEITH WILLETTE,<br><br>                              Defendant. | CASE NO.  2:19-CR-0044 JAM<br><br>**UNITED STATES' MOTION IN LIMINE NO. 1 TO ADMIT EVIDENCE OF DEFENDANT'S OTHER SEXUAL MISCONDUCT & CONVICTIONS**<br><br>DATE: September 20, 2022<br>TIME: 9:30 a.m.<br>COURT: Hon. John A. Mendez |

## I.     **INTRODUCTION**

Defendant Keith Willette ("Defendant") is a child sex offender with a long history of preying on minors while evading legal responsibility for his crimes.  His case is set for trial on October 31, 2022, on one count of attempted production of child pornography in violation of 18 U.S.C. § 2251(a) & (d) (1998).  This charge stems from his sexual misconduct between approximately May 2000 and April 2002, during which he repeatedly molested a young female over whom he had supervisory control—one of his gymnastic students ("Juvenile Victim 1")—and attempted to record her engaged in sexually

MOTION IN LIMINE No. 1 TO ADMIT EVIDENCE OF
DEF.'S SEXUAL MISCONDUCT & CONVICTIONS

explicit conduct.  *See generally* Indictment (ECF No. 1).  The government anticipates that the defendant will argue at trial that although he took nude photographs of Juvenile Victim 1, he did so after she was 18 and allegedly for legitimate coaching purposes.

Against this backdrop and as further explained below, it is essential that the jury not be compelled to determine the Defendant's guilt of the single federal count in a vacuum.  The attempted production of child pornography was integral to his relationship with Juvenile Victim 1, including his long-running sexual abuse of her.  Moreover, the jury must evaluate the Defendant's anticipated attacks on Juvenile Victim 1's account of the crime—a crime that he committed when there were no eyewitnesses and for which he subsequently destroyed the forensic evidence.  This evidence is critical for the jury to understand the Defendant's true motive and intent: to record Juvenile Victim 1's most private parts to gratify his sexual interest in minor females.

Accordingly, the United States gives notice of its intent, and hereby moves *in limine*, to introduce the following as intrinsic evidence inextricably intertwined with the charged offense or as admissible under Federal Rules of Evidence 414 and/or 404(b), as further explained below:

1. Evidence of the Defendant's sexual abuse of Juvenile Victim 1, including through Juvenile Victim 1's testimony and the Defendant's California state conviction for sexually abusing Juvenile Victim 1;

2. Evidence of the Defendant's possession of child pornography, including through a forensic examiner's testimony, the Defendant's California state conviction for possession, and associated exhibits; and

3. Evidence of the Defendant's similar production of child pornography as part of the long-running sexual abuse of another young female over whom the Defendant had supervisory control ("Juvenile Victim 2"), including through Juvenile Victim 2's testimony and the Defendant's oral and written admissions.

## II.    FACTUAL BACKGROUND

For decades, the Defendant was a gymnastics coach to young females in multiple states throughout the country.  In that role, he was able to ingratiate himself with parents and gain trust and access to children who would later become his victims, including Juvenile Victim 1 (the subject of Count One) and Juvenile Victim 2.

The Defendant met Juvenile Victim 2 and her mother at a gymnastics event in the mid-1980s.  The Defendant and Juvenile Victim 2 began spending significant amounts of time together, under the

MOTION IN LIMINE No. 1 TO ADMIT EVIDENCE OF
DEF.'S SEXUAL MISCONDUCT & CONVICTIONS

auspices of high-level gymnastics training, and the Defendant pursued a relationship with Juvenile Victim 2's mother.  The Defendant began molesting Juvenile Victim 2 at the age of 9 years old, was having sexual intercourse with her at the age of 13 years old, and continued to sexually abuse her throughout her teenage years.  In addition to the repeated sexual abuse, the Defendant used Juvenile Victim 2 to produce child pornography on at least 2 occasions:  he video recorded himself having sexual intercourse with Juvenile Victim 2 when she was approximately 14 or 15 years old, and he took sexually explicit photographs of Juvenile Victim 2 after instructing her to pose naked when she was approximately 17 years old.

As Juvenile Victim 2 became a young adult, the Defendant continued to coerce her into sexual acts but began setting his sights on a new victim he had met through gymnastics: Juvenile Victim 1, a 15-year-old with the talent and drive to make the U.S. national team.  The Defendant became Juvenile Victim 1's gymnastics coach and a family friend who preyed upon her Olympic ambitions to satisfy his predatory desires.  Under the guise of helping her care for her body after a hamstring injury, he began massaging her legs after rigorous workouts, then proceeded to touch her vagina during the massages.  Claiming he needed to document her body and muscle development, he made her remove her clothing and measured her breasts, areolas, and labia.  Under the pretense of assessing her flexibility, the Defendant joined her in a hot tub at her house, instructed her to straddle the tub with her bikini bottoms removed, and proceeded to touch her vagina while purporting to "teach" her about her body.  Juvenile Victim 1 estimates that the sexual contact occurred dozens of times over the course of the five years she trained with him.

As with Juvenile Victim 2, in addition to the repeated sexual abuse, the Defendant used Juvenile Victim 1 in an attempt to produce child pornography.  When she was approximately 16 or 17 years old, and still using the pretense of documenting her bodily development, the Defendant made Juvenile Victim 1 strip naked and bend over a desk as he took photographs of her vagina and anus using a gold, handheld Olympus digital camera.[1]  When she saw how explicit one of the photographs was—depicting her vagina, anus, and buttocks—she confronted the Defendant about his claimed need for the photos.

---

[1] This is the conduct giving rise to the instant federal charge of attempted production of child pornography.

MOTION IN LIMINE No. 1 TO ADMIT EVIDENCE OF
DEF.'S SEXUAL MISCONDUCT & CONVICTIONS

The Defendant became angry and said that she must not be serious about the Olympics if she was questioning his training tactics.  Juvenile Victim 1 remained silent, and his abuse of her continued until she moved away for college.

Juvenile Victim 1 reported the Defendant's criminal conduct to local law enforcement on May 18, 2017.  The El Dorado County Sheriff's Office ("EDCSO") investigated and searched the Defendant's house on May 25, 2017, pursuant to a state search warrant.  Investigators seized multiple electronic devices.  Forensic examination revealed his devices contained child pornography (depicting minors other than Juvenile Victims 1 and 2), as well as a typed, printed-out document titled "My [Juvenile Victim 2] Journal."  The Defendant's journal recounted the sexual abuse he inflicted on Juvenile Victim 2 during her youth.

After completing its investigation, the State of California charged the Defendant on September 26, 2017, with four felony counts related to his sexual abuse of Juvenile Victim 1 and the child pornography found at his home.  Pursuant to a plea agreement, the Defendant pleaded guilty on February 6, 2018, to (a) penetrating Juvenile Victim 1 with a foreign object on or between June 1, 1999, and May 3, 2000, in violation of California Penal Code Section 289(i) (Count 2), and (b) knowingly possessing child pornography on or about May 25, 2017, in violation of California Penal Code Section 311.11(a) (Count 4).  *See* Second Am. Compl. (Ex. A); Tr. of Plea Hr'g (Feb. 6, 2018) & Certified Judgment (Ex. B).  His plea to those counts allowed him to receive a stipulated prison sentence of 3 years and 8 months, *see* Ex. B, and he was released from state prison after only two years.

After the Defendant's state charges, federal authorities (hereafter "the Government") learned of the Defendant's abuse and exploitation of Juvenile Victims 1 and 2 and commenced a federal investigation.  The Government forensically examined the Defendant's previously-seized electronic devices pursuant to a federal search warrant.  The forensic examination revealed, *inter alia*, (a) that among the child pornography images possessed by the Defendant were images of young females engaged in conduct and poses similar to those that Juvenile Victim 1 described as having been required of her by the Defendant[2]; (b) Internet activity reflecting searches for child pornography and/or a sexual

---

[2] *See, e.g.*, 49.jpeg (pubescent girl nude from the waist down, leaning forward over a couch, with her buttocks and genital area visible to the camera); 1.jpeg (nude girl astride adult male, with his penis inserted in her vagina); 7.jpeg (nude girl of indeterminate age leaning forward over bed, with adult male

1  interest in underage girls (*e.g.*, "17 BABES young teen girls club seventeen ass tits"); and (c) an

2  electronic version of the "My [Juvenile Victim 2] Journal" recounting his sexual abuse of Juvenile

3  Victim 2.

4         The Government further learned that, back in 2004, Juvenile Victim 2 had disclosed to the

5  EDCSO that the Defendant had abused her sexually, physically, and mentally since she was about 9

6  years old, in various states, and that he had taken sexually explicit videos and photos of her while she

7  was a minor.  During the course of the EDCSO investigation, the Defendant admitted having sexual

8  intercourse with Juvenile Victim 2 from the time she was 13 years old until she was in her mid-20s.  The

9  Defendant's then-wife admitted to the EDCSO that she had found naked photographs the Defendant

10  kept of Juvenile Victim 2, as well as video of the Defendant having sexual intercourse with Juvenile

11  Victim 2 when the victim was 16 years old.  The Defendant's then-wife further admitted that the

12  Defendant had destroyed the child pornography of Juvenile Victim 2 in the fireplace before law

13  enforcement could recover it.  Consequently, the EDCSO was unsuccessful in obtaining that physical

14  evidence.

15         In a February 2019 recorded interview with the FBI, the Defendant again admitted to sexually

16  abusing Juvenile Victim 2 and producing sexually explicit images and videos of her.  The Defendant

17  later confirmed those facts in a second recorded interview with the FBI in March 2019.

18             **III.**   **LEGAL ARGUMENT**

19         Evidence of the Defendant's sexual abuse of Juvenile Victim 1, his child pornography

20  possession, and his sexual abuse and creation of child pornography involving Juvenile Victim 2 should

21  be admitted, pursuant to Federal Rule of Evidence 414, Federal Rule of Evidence 404(b), and/or as

22  intrinsic to the charged production offense.

23         Rule 414 provides that, "[i]n a criminal case in which [a] defendant is accused of child

24  molestation, the court may admit evidence that the defendant committed any other child molestation."

25

26  behind her inserting his finger in her vagina or anus); 28.jpeg (young girl lying on floor, wearing white underwear and with her face not visible, and her clothed buttocks and genital area the focus of the

27  camera); 30.jpeg (two young girls leaning forward with their heads visible between their legs, their clothed buttocks and genital areas visible); margo14[1].jpg (nude girl in gymnastics-type pose);

28  hMe4JosuoR[1] (close-up of vagina being spread open by adult male fingers); OIPlRFgNXV[1].jpg (close-up of vagina being spread open by female fingers).

Fed. R. Evid. 414(a).  "Child molestation" is broadly defined for purposes of Rule 414 to include both federal and state crimes "involving any conduct prohibited by 18 U.S.C. chapter 110" (*i.e.*, the actual or attempted production, transportation, receipt, distribution, and possession of child pornography), *see* Fed. R. Evid. 414(d)(2)(B) & (F), as well as crimes more commonly considered "child molestation" such as "contact between any part of the defendant's body—or an object—and a child's genitals or anus" and "contact between the defendant's genitals or anus and any part of a child's body."  *See* Fed. R. Evid. 414(d)(2)(C)-(D). [3]  Accordingly, the Defendant—charged here with attempted production of child pornography, in violation of 18 U.S.C. ch. 110, § 2251—has been accused of a qualifying Rule 414 offense.

Notably, Rule 414 evidence "may be considered on any matter to which it is relevant."  Fed. R. Evid. 414(a).  That is, Rule 414 eliminates Rule 404(b)'s general "ban on propensity evidence in criminal trials," thus allowing the other acts of sexual misconduct to be used to "prove [the defendant's] disposition to commit the type of crime charged."  *United States v. LeMay*, 260 F.3d 1018, 1025 (9th Cir. 2001); *accord United States v. Sioux*, 362 F.3d 1241, 1244 (9th Cir. 2004) (explaining that "Rules 413, 414, and 415 . . . 'supersede[] Rule 404(b)'s restriction' by establishing a presumption—but not a 'blank check'—favoring the admission of propensity evidence at both civil and criminal trials involving charges of sexual misconduct") (citations omitted).

"However, evidence admissible under Rule 414 is still subject to the balancing test under Rule 403."  *United States v. Thornhill*, 940 F.3d 1114, 1119 (9th Cir. 2019); *see also LeMay*, 260 F.3d at 1026, 1030 (concluding that "the protections of Rule 403 remain in place to ensure that . . . the right to a fair trial remains adequately safeguarded" in the face of Rule 414 evidence which, by its very nature, is "emotionally charged and inflammatory").  The Ninth Circuit requires district courts to evaluate the following nonexclusive factors in determining whether the probative value of particular evidence of

---

[3] *See also, e.g.*, *United States v. Sheldon*, 755 F.3d 1047, 1050 (9th Cir. 2014) (reiterating that "child pornography" offenses fall within the Rule 414 definition of "child molestation").  When the "child molestation" in question involves sexual "contact" with a "child" pursuant to subsection (d)(2)(C)-(D), Rule 414 applies if the child was under 14 years old.  *See* Fed. R. Evid. 414(d)(1).  When the conduct in question involves child pornography pursuant to subsection (d)(2)(B), Rule 414 applies so long as the victim was under 18 years old.  *See* Fed. R. Evid. 414(d)(2)(B) (containing no additional age limit for such offenses).

other sexual misconduct is "*substantially* outweighed by the danger of unfair prejudice": "(1) 'the similarity of the prior acts to the acts charged,' (2) the 'closeness in time of the prior acts to the acts charged,' (3) 'the frequency of the prior acts,' (4) the 'presence or lack of intervening circumstances,' and (5) 'the necessity of the evidence beyond the testimonies already offered at trial.'" *Lemay*, 260 F.3d at 1027-1028 (emphasis added) (quoting *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000)).

Even if evidence of other sexual misconduct is not admitted under Rule 414, it may still be admitted for the more limited purposes specified in Rule 404(b), including to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).  The Ninth Circuit has explained that "Rule 404(b) is an 'inclusionary rule,' under which evidence is inadmissible 'only when it proves nothing but the defendant's criminal propensities.'" *United States v. Hadley*, 918 F.2d 848, 850 (9th Cir. 1990) (citation omitted). "[E]vidence is admissible under Rule 404(b) if: (1) sufficient proof exists for the jury to find that the defendant committed the [other] act; (2) the [other] act was not too remote in time; and (3) the [other] act is introduced to prove a material issue in the case." *Id.* at 850-51.  "In addition, if used to prove intent, the [other] act must be similar to the offense charged." *Id.* at 851.  As with evidence under Rule 414, the other acts are also subject to a Rule 403 analysis.  *United States v. Hardrick*, 766 F.3d 1051, 1055 (9th Cir. 2014).

Finally, "[o]ther act' evidence that is 'inextricably intertwined' with a charged offense is independently admissible and is exempt from the requirements of Rule 404(b)." *United States v. Anderson*, 741 F.3d 938, 949 (9th Cir. 2013) (citation omitted).  "Such intrinsic evidence includes evidence constituting 'a part of the transaction that serves as the basis for the criminal charge,'" because "Rule 404(b) does not apply 'when offenses committed as part of a single criminal episode become other acts simply because the defendant is indicted for less than all of his actions.'" *Id.* (citation omitted).  "Intrinsic evidence . . . also includes evidence that is 'necessary to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime.'" *Id.* (citation omitted).  "This is because '[t]he jury cannot be expected to make its decision in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge.'" *Id.*

(citation omitted).  Accordingly, "circumstantial evidence . . . providing a context in which the charged [conduct] took place" is admissible without resort to Rule 404(b).  *Id.* at 949-50.

> **A.**    **Evidence of the Defendant's Sexual Abuse of Juvenile Victim 1 Is Admissible as Intrinsic Evidence and, In Any Event, to Show the Defendant's Motive, Intent, and Opportunity (Among Other Permissible Rule 404(b) Grounds) When He Photographed Her.**

Evidence of the Defendant's sexual abuse of Juvenile Victim 1 is admissible as intrinsic evidence inextricably intertwined with the charged attempt to produce child pornography, and in any event is admissible under Rule 404(b) to show the Defendant's motive, intent, and opportunity, as well as his preparation, plan, knowledge, and absence of mistake or accident, when he photographed her naked.

As noted above, uncharged criminal conduct is "intrinsic" and admissible when it is "reasonably necessary for the prosecution to tell a clear and comprehensible story" regarding the charged crime. *Anderson*, 741 F.3d at 950.  In *Anderson*, for example, the defendant was charged with copyright infringement based on his unauthorized sales of two software programs between February 2008 and February 2009.  *Id.* at 942-43.  Over the defendant's objection, the trial court admitted evidence of "uncharged but allegedly improper conduct" including his unauthorized sale of a different software program to an investigating undercover law enforcement agent six months after the defendant's charged sales.  *Id.* at 949-50.  The Ninth Circuit agreed that the uncharged conduct was "intrinsic," reasoning that it "help[ed] explain [the defendant's] business operations" and "the circumstances leading up to his arrest," and that "the larger and more sophisticated his operation was, the more likely it was that he knew what he was doing was illegal."  *Id.* at 950.  Similarly, in *United States v. Daly*, "[s]pecific evidence" regarding the defendant's "eleven-hour shoot-out" with police was considered "inextricably intertwined" with his charge of being a felon in possession of a firearm; it was "necessary" to put the defendant's charged conduct in context, rebut his claim of self-defense, and provide the "background" of the charge.  974 F.2d 1215, 1216-17 (9th Cir. 1992).

In the child exploitation context, the Ninth Circuit has affirmed admission of "evidence of [a defendant's] sexual acts perpetrated on [the child victim]" as intrinsic to the charge of producing child pornography.  *See United States v. Tashbook*, 144 F. App'x 610, 615 (9th Cir. 2005) (concluding that

victim's testimony about the "sex acts and the manner in which they were committed" was

"'inextricably intertwined' with the [charged] offense conduct" and "highly probative" of his intent in

taking the explicit photographs).  Other Courts of Appeal have held the same.  In *United States v.*

*Steinmetz*—a case similar to this case—the defendant had sexually abused his stepdaughter between the

ages of 13 and 16.  900 F.3d 595, 597 (8th Cir. 2018).  He also took nude photographs of her during this

time, resulting in the federal charge of producing child pornography.  *Id.* at 601.  The Eighth Circuit

found that the evidence of sexual abuse was "'inextricably intertwined' with the charged offense of

producing child pornography, because the molestation . . . was part and parcel of the 'grooming process'

that led to the offense."  *Id.* at 600-01.  "The evidence was relevant to showing how [the defendant]

came to produce child pornography" and, while "prejudicial," was not precluded by Rule 403.  *Id.*; *see*

*also United States v. Reigle*, 228 F. App'x 353, 356 (4th Cir. 2007) (holding that charged victim's

testimony about the defendant's molestation of him was admissible as intrinsic evidence "inextricably

intertwined with the creation of the video" that was the subject of the production charge); *cf. United*

*States v. Durham*, 902 F.3d 1180, 1224-1225 (10th Cir. 2018) (affirming admission of defendant's

statements that he struggled with child pornography, as intrinsic evidence in prosecution for engaging in

illicit sexual conduct with a minor, because the statements were "part of [the defendant's] denials and

eventual confession to the [charged] crimes").

Here, like in *Steinmetz*, the Defendant engaged in a careful and lengthy grooming process with

the goal of touching and photographing Juvenile Victim 1's most private parts.  The Defendant's

molestation of her—occurring on dozens of occasions over the course of several years—is an integral, if

not *the* defining, purpose of her relationship with the Defendant and cannot be separated from her

explanation of how he was able to take explicit photographs of her.  The molestation is also a necessary

component, as in *Anderson*, of the narrative of how law enforcement investigated the charged offense.

The focus of the local investigation was on the sexual abuse rather than the production of sexually

explicit images, and the federal investigation began after additional evidence was developed.  In sum,

the Defendant's sexual abuse of Juvenile Victim 1 is "inexplicably intertwined" with the naked

photographs he took of Juvenile Victim 1 during the charged time period, and is necessary to the jury's

understanding of the Defendant's relationship to Juvenile Victim 1 at the time of the charged offense. *Tashbook*, 144 F. App'x at 615.

Moreover, this evidence is admissible under Rule 404(b) to show the Defendant's intent, motive, and opportunity, as well as his preparation, plan, knowledge, and absence of mistake or accident, when taking the photographs of Juvenile Victim 1.  First, there is "sufficient proof . . . for the jury to find that the defendant committed the [other] act."  *Hadley*, 918 F.2d at 850.  There is no dispute about whether the Defendant committed the sexual abuse because Juvenile Victim 1 will testify under oath at trial to the abuse and the Defendant pleaded guilty in state court to penetrating Juvenile Victim 1.  *See id.* at 851 (holding the evidence sufficient when "witnesses testified in detail about the sexual abuse inflicted upon them by [the defendant]").

Second, the sexual abuse was not remote in time because it occurred in the year preceding and *during* the two-year span of the charged offense.  *Cf. id.* at 851 (finding even a span of ten years between the charged and uncharged conduct not too remote).

Third, the molestation is offered to prove multiple material, closely-related issues: that the Defendant had a lascivious motive and intended to capture Juvenile Victim 1 engaged in "sexually explicit conduct" when he photographed her; that he had the opportunity to do so while she was a minor (and had indeed been planning and preparing for such conduct); and that capturing her engaged in sexually explicit conduct was not an accident or mistake but, instead, the purpose of his behavior.  The defendant's intent is an essential element of the charged § 2251(a) offense, but he has repeatedly claimed that his true purpose in taking the photographs was merely to document her body development for legitimate gymnastics purposes.  He has also claimed that he did not take the photographs of her naked until she turned 18 years old (to take them outside the scope of child pornography laws). Evidence that the Defendant sexually abused Juvenile Victim 1 while she was a minor—and was found guilty of having penetrated her while she was underage—is probative evidence demonstrating his state of mind when he committed the charged offense and shows that he had the opportunity to take such explicit photographs while she was a minor.  *See, e.g.*, *Hadley*, 918 F.2d at 851 (finding that both the charged and uncharged conduct "have to do with alleged activities of [the defendant] of a sexually gratifying nature" and thus demonstrated the defendant's intent); *Reigle*, 228 F. App'x at 356 (holding

"evidence of the [the defendant's] molestation of *other* children . . . was admissible . . . as evidence of [his] . . . motive" for committing the charged child pornography offenses) (emphasis added); *United States v. Vaughn*, No. F.05-00482 OWW, 2008 U.S. Dist. LEXIS 79830, at *1, 10-12, 43-46 (E.D. Cal. Sept. 2, 2008) (admitting testimony from the defendant's colleague that the defendant "bragged that he had a very attractive 16 year-old foreign exchange student living with his family and sometimes . . . would pretend to be sick so he could stay home . . . and spend time alone with her," because it helped show the defendant's motive and intent with respect to the charged child pornography crimes); *see also Thornhill*, 940 F.3d at 1119 (holding that child pornography offenses and sexual abuse offenses are "similar" for other-acts purposes); *United States v. Thomas*, 893 F.2d 1066, 1070-71 (9th Cir. 1990) (holding "the previous [molestation] conviction evidence" was admissible to show the defendant's state of mind for the charged child pornography offenses).

In sum, the sexual abuse the Defendant inflicted upon Juvenile Victim 1 was integral to his overall sexual exploitation of her. The attempt to create child pornography of Juvenile Victim 1 cannot be removed from the abuse. Testimony about his molestation of her, as well as his conviction for penetrating her as a minor, will also rebut the Defendant's claims that he took these photographs of her as an adult and for legitimate purposes. The evidence goes to the central issues the jury must decide and, far from being unfairly prejudicial, will allow the jury to render a verdict based upon an accurate understanding of the Defendant's calculated effort to cultivate a relationship with Juvenile Victim 1 for his own sexual gratification.

## B.   Evidence of the Defendant's Possession of Child Pornography Is Admissible Under both Rules 414 and 404(b).

Evidence of the Defendant's possession of child pornography should be admitted for its propensity inference pursuant to Rule 414, and to show the Defendant's motive, intent, and absence of mistake or accident pursuant to Rule 404(b).

Rule 414 permits admission of evidence showing a defendant's past possession of child pornography in child pornography production cases. *See, e.g.*, *United States v. Sheldon*, 755 F.3d 1047, 1048, 1050-1051 (9th Cir. 2014) ("record that Defendant had been convicted of possession of child pornography," in production case); *United States v. Hanson*, 936 F.3d 876, 879, 881-82 (9th Cir. 2019)

(conviction for possession of child pornography, in receipt of child pornography case); *United States v. Huntoon*, 796 F. App'x 362, 363-65 (9th Cir. 2019) (evidence stemming from the defendant's state *charges* for possession of child pornography, in federal case charging distribution of and knowing access to child pornography); *accord Steinmetz*, 900 F.3d at 601 ("miscellaneous child pornography" the defendant possessed, in production case). The *LeMay* factors support admission of the Defendant's past possession of child pornography in this case.

Here, the Defendant's possession of child pornography involved conduct very similar to the charged production offense: depictions of naked females, in their preteens to mid-teens, engaged in sexually explicit conduct—including in conduct and poses similar to those the Defendant required of Juvenile Victim 1 (*e.g.*, depictions of females bent over and exposing their vaginas and/or being penetrated by a male). *See supra* n.2 (describing the images in more detail); HTIU Technical Assistance Request Report, at 2, 4 (Nov. 15, 2018) (Ex. C); El Dorado County Forensic Report at 2-3, 5-8 (Ex. D) (providing additional detail about the images underlying the Defendant's state possession conviction).[4] Ninth Circuit precedent supports admission of such evidence under similar circumstances. *See, e.g.*, *Thornhill*, 940 F.3d at 1119 (finding sufficient similarity when the "victim . . . was similar in age and of the same gender as the majority of the victims in the photographs"); *Steinmetz*, 900 F.3d at 601 (same).

Although law enforcement did not find the Defendant with the child pornography until 2017, and he was not convicted until 2018, the child pornography had been saved to his device before then (*i.e.*, closer in time to his exploitation of Juvenile Victim 1).[5] In any event, "[t]here is no bright line rule for precluding evidence that is remote in time," *Thornhill*, 940 F.3d at 1120, and courts have frequently

---

[4] Although the government cites to the state's forensic report in this Motion, the forensic evidence it plans to introduce at trial will be based on the federal review of the Defendant's devices conducted by HTIU and exhibits created from that examination, which is in line with the State's prior, independent analyses. The government refers to the cited state report in this Motion as it describes in a sanitized format relevant contraband possessed by the Defendant for which he was already convicted, in addition to specific computer searches. The complete HTIU analyses, including the child pornography possessed by the Defendant on his devices and his relevant computer search terms, have been made available for defense review and the defense has already come to inspect it.

[5] The child pornography images were largely found in "unallocated space," such that there is no date associated with them. However, the desktop computer on which some of the files were found also had "extensive internet activity involving pornographic websites with themes referencing teens and young females," including "Google searches for the term 'xxx bunny teens' occurring between December 7, and 20, 2010." Ex. D at 2-5.

MOTION IN LIMINE No. 1 TO ADMIT EVIDENCE OF
DEF.'S SEXUAL MISCONDUCT & CONVICTIONS

admitted other-acts evidence that occurred more than a decade apart from the charged conduct.  *See, e.g.*, *LeMay*, 260 F.3d at 1029 ("lapse of twelve years"); *Hanson*, 936 F.3d at 881 (10 years prior); *Thornhill*, 940 F.3d at 1120 (7-10 years prior); *United States v. Bosby*, 755 F. App'x 706, 707 (9th Cir. 2019) (13 years prior); *Huntoon*, 796 F. App'x at 363-65 (1999 conviction, at case charged in 2015); *Sheldon*, 755 F.3d at 1048, 1050-51 (13 years prior); *United States v. Young*, 623 F. App'x 863, 866 (9th Cir. 2015) (16-year gap).

The frequency of the Defendant's sexual misconduct involving young females and the fact that it continued for decades—including possessing child pornography *after* he had already been investigated by the EDCSO for sexually abusing Juvenile Victim 2 (which he confessed to)—further support admission of this evidence.  As in *LeMay*, this other-act evidence "was not an isolated occurrence."  260 F.3d at 1029.

The final *Lemay* factor strongly weighs in favor of admissibility: the necessity of the evidence to proving the charged conduct.  The Government anticipates that the Defendant will attempt to rebut the charge of child pornography by arguing that (a) he was taking naked photographs of Juvenile Victim 1 purely for professional, gymnastics-training purposes (*i.e.*, not for any sexual purpose) and/or (b) he did not take the explicit photos until she was 18 years old.  Because the Defendant deleted the images underlying the production charge, the jury will not have an actual visual depiction of the charged conduct and will instead need to visualize what the images looked like.  Admitting a small sample of the similar child pornography that the Defendant possessed will enable the jury to understand what he produced and intended to produce with Juvenile Victim 1.  The Defendant's child pornography conviction will be critical in proving *beyond a reasonable doubt* that the Defendant was not a misguided or mistaken coach applying inappropriate techniques, and was not engaged in lewd but legal conduct with an adult, but rather was a child predator who was seeking to use Juvenile Victim 1 to create child pornography.  Moreover, presenting the sexually explicit search terms and related Internet activity will be critical in proving that the Defendant was seeking and sexually interested in *minors—i.e.*, those 17 years old and younger—notwithstanding the Defendant's more recent claims to have only targeted those who were at least 18 years old.  *Accord Thornhill*, 940 F.3d at 1121 ("[T]he prior conviction was necessary for the Government's case, because it tends to prove the defendant's sexual interest in the

specific conduct . . . , which in turn makes it more likely that the defendant sought . . . child pornography [as] charged in the indictment.") (quotation marks omitted).  Evidence of the Defendant's possession of child pornography should be admitted under Rule 414(a).

Alternatively, the child pornography possession evidence should be admitted under Rule 404(b) to show the defendant's state of mind—including his motive, intent, and absence of mistake or accident—when he took the explicit photos of Juvenile Victim 1.  First, the evidence is unquestionably "sufficient to support a finding that the defendant committed the act" of possessing child pornography: he pleaded guilty to that very offense, conclusively establishing his guilt beyond a reasonable doubt. *Hanson*, 936 F.3d at 882 (citation omitted).  Second, the possession was "not too remote in time," *see supra* Section II.B (evaluating this factor as part of Rule 414 analysis), and involved conduct remarkably similar to the charged offense: visual depictions of naked females, in their preteens to mid-teens, engaged in sexually explicit conduct.  *See id.* (elaborating).  Finally, as explained above, the evidence proves that his motive and intent for the charged offense were to satisfy his sexual interest in female minors by taking sexually explicit images of Juvenile Victim 1, and that he did not take the photos by accident or mistake.  *See id.*; *see also, e.g.*, *Hanson*, 936 F.3d at 882 (affirming admission of child pornography possession conviction under Rule 404(b), noting it went to defendant's state of mind in committing the instant child pornography offense).

In sum, evidence of the Defendant's possession of child pornography should be admitted under Rule 414, and at the very least for the more limited purpose under Rule 404(b) of proving the Defendant's state of mind when he took the photographs of Juvenile Victim 1.

C.   **Evidence of the Defendant's Similar Production of Child Pornography During the Course of his Sexual Abuse of Juvenile Victim 2 Is Admissible Under Rules 414 and 404(b).**

The Court should also admit evidence of the Defendant's similar production of child pornography during the course of his sexual abuse of Juvenile Victim 2, for its propensity inference pursuant to Rule 414 and particularly to show his motive, intent, preparation, plan, and absence of mistake or accident pursuant to Rule 404(b).

Courts have routinely allowed evidence of prior sexual abuse and exploitation of a different victim under Rule 414.  In *United States v. Summage*, for instance, the defendant had previously

"photograph[ed] himself molesting C.M., his then-girlfriend's seven-year-old daughter." 575 F.3d 864, 877 (8th Cir. 2009). At his subsequent federal trial for producing child pornography involving "an infant and toddler," the district court admitted the testimony of the prior victim about her molestation and child pornography production by the defendant. *Id.* at 877-78. The Court of Appeals affirmed admission of this evidence, recognizing that the testimony was "highly probative: it established that the defendant had a sexual interest in children and had previously created visual images of children engaged in sexual activity." *Id.* at 878. *See also, e.g.*, *United States v. Deputee*, 714 F. App'x 778, 779-780 (9th Cir. 2018) (affirming admission of testimony from the victim's sister about the defendant's uncharged sexual abuse of her); *United States v. Red Eagle*, 293 Fed. Appx. 506, 508 (9th Cir. 2008) (affirming admission of "testimony pertaining to the uncharged sexual abuse of [the defendant's] daughter"); *United States v. Stern*, 391 F. App'x 621, 622 (9th Cir. 2010) (affirming admission of testimony of the defendant's younger sister that he had sexually abused her repeatedly when she was a child, where charged victim was his daughter); *cf. Thornhill*, 940 F.3d at 1118-1119 (agreeing with sister circuits that child pornography offenses—even when not "contact offenses"—are sufficiently similar to "sexual abuse of a minor" offenses for purposes of Rule 414). Given this precedent, evidence of the Defendant's sexual abuse of Juvenile Victim 2 is admissible in this case.

Here, the Defendant's abuse and exploitation of Juvenile Victim 1 is remarkably similar to his abuse and exploitation of Juvenile Victim 2. Just as the Defendant groomed and victimized Juvenile Victim 1 over the course of her young- to mid-teen years—beginning with massages, moving to vaginal penetration, and ultimately taking explicit photographs of her at the age of approximately 16 or 17 years old—the Defendant groomed and victimized Juvenile Victim 2, molesting her as a preteen, moving to vaginal penetration by the time she was a young teenager, and ultimately taking explicit photos and videos of her in her mid-teen years. Moreover, as a gymnastics student whom the Defendant was training for the Olympics, Juvenile Victim 1 and the Defendant spent hours alone together in close quarters, and Juvenile Victim 1's parents considered him a family friend; likewise, the Defendant trained Juvenile Victim 2, spent hours alone with her at the gym, and he had ready access to her at the time of the abuse and exploitation. Furthermore, the explicit poses that the Defendant required of Juvenile Victim 1 are many of the same poses that Juvenile Victim 2 will testify the Defendant required her to

do.[6]  The factual similarity of his sexual misconduct involving Juvenile Victim 1 and Juvenile Victim 2 is undeniable and weighs strongly in favor of admission.  *Accord, e.g.*, *Summage*, 575 F.3d at 878-79.

The timing of the Defendant's pattern of misconduct also supports admission.  Though Juvenile Victim 2 turned 18 several years before the Defendant began sexually abusing and exploiting Juvenile Victim 1 (and thus his criminal acts against these minors did not occur contemporaneously), courts have routinely admitted evidence of misconduct anywhere from 10 to almost 20 years apart in time.  *See supra* Section II.B (collecting case law).  Moreover, the frequency of the Defendant's victimization of Juvenile Victim 2—on a repeated basis from the time she was 9 years old and continuing for years— weighs heavily in favor of admission under the third *Lemay* factor.  *See Lemay*, 260 F.3d at 1029 (noting that the uncharged conduct "was not an isolated occurrence").  Furthermore, during the intervening time between Juvenile Victim 2 turning 18 and the Defendant's victimization of Juvenile Victim 1, the Defendant continued to engage in sexual misconduct with Juvenile Victim 2, repeatedly coercing her into illicit sexual activity.

Finally, the necessity of the evidence in light of the other evidence to be offered at trial weighs heavily in favor of admission.  As explained above, the Defendant has denied that the photographs he took of Juvenile Victim 1 were child pornography; he has claimed that they were neither sexually explicit (because they were for purported professional, gymnastics purposes) nor produced while she was a minor.  Because the Defendant deleted the photographs from his camera and the Government has been unable to recover a copy, the Government will be relying almost entirely on the testimony of Juvenile Victim 1 as to what she remembers happening and seeing, and when.  The Government thus expects the Defendant to try to attack her credibility and/or memory of the Defendant's actions.

---

[6] Juvenile Victim 2 is also expected to testify that, in approximately 2003 or 2004, she found a set of printed-out, explicit photographs of a young female—one of which at least showed a female's vagina and buttocks that was taken from behind, with no face visible, in the Defendant's closet. Juvenile Victim 2 had helped the Defendant coach Juvenile Victim 1, and was thus very familiar with the appearance of Juvenile Victim 1's body in a leotard.  Although no face was visible in the photographs, Juvenile Victim 2 believed that the body was Juvenile Victim 1 and even called Juvenile Victim 1 to ask if the Defendant had taken such photographs of her.  (Embarrassed at the time, Juvenile Victim 1 denied it at that point.)  Separate and apart from Juvenile Victim 2's testimony about her own abuse and exploitation, as set forth above, the Government plans to introduce Juvenile Victim 2's testimony about this discovery as direct evidence of the charged production offense.

MOTION IN LIMINE No. 1 TO ADMIT EVIDENCE OF
DEF.'S SEXUAL MISCONDUCT & CONVICTIONS

Evidence of the similar victimization of Juvenile Victim 2 is therefore critical "to bolster the credibility" of Juvenile Victim's 1 testimony and prove that there is no mistake in Juvenile Victim 1's recollection as to how old she was when the Defendant took the photos. *See Lemay* at 1028-1029 (holding that the prior-acts testimony was "helpful or practically necessary" because the defendant had "attacked the credibility of the [victims] and capitalized on the lack of eyewitness and expert testimony," and had "suggested they could be fabricating the accusations"). The evidence should be admitted, including for its propensity value, under Rule 414.

In the alternative (and to the extent there is discussion of the continued sexual abuse of Juvenile Victim 2 once she turned 14 but without reference to the child pornography production[7]), the evidence is all admissible under Rule 404(b) because it shows the Defendant's motive, intent, preparation, plan, and absence of mistake or accident. Fed. R. Evid. 404(b)(2). First, the evidence is "sufficient to support a finding that the defendant committed the act[s]": he "previously confessed"—to law enforcement, to other individuals, and in a journal—that he sexually abused Juvenile Victim 2. *Hanson*, 936 F.3d at 882 (citation omitted). Juvenile Victim 2's trial testimony about what she experienced firsthand— particularly the child pornography production—is likewise sufficient. *Hadley*, 918 F.2d at 851. Second, the victimization of Juvenile Victim 2 is "not too remote in time," *see supra* Section II.B-C (evaluating this factor as part of Rule 414 analysis), and is for conduct remarkably similar to the charged offense: posing and recording his young female victim engaged in sexually explicit conduct, as part of a continuous course of sexual abuse lasting years. *See id.* (elaborating). Finally, as explained above, the conduct involving Juvenile Victim 2 proves that his motive and intent for the charged offense were to satisfy his sexual interest in female minors by taking sexually explicit images of Juvenile Victim 1, and that his photography of her was no mistake or accident but rather part of a well-prepared plan to exploit her. *See also, e.g.*, *United States v. Riquene*, 552 F. App'x 940, 945 (11th Cir. 2014) (affirming introduction of evidence in child-pornography production case of defendant having recorded himself having sexual intercourse with other females, to show his "knowledge, intent, preparation, and absence of mistake in producing videos of his sexual acts"); *United States v. Long*, 328 F.3d 655, 660-62 (D.C.

---

[7] *See supra* n.3.

MOTION IN LIMINE No. 1 TO ADMIT EVIDENCE OF
DEF.'S SEXUAL MISCONDUCT & CONVICTIONS

Cir. 2003) (affirming introduction of defendant's sexual relationship with uncharged victims "to determine whether [the defendant] acted with a criminal intent with respect to the charges in the indictment, engaged in a scheme or plan, used a similar modus operandi, had a motive to commit the charged crimes, or acted knowingly," as well as "to show . . . absence of mistake or accident").

In sum, evidence of the Defendant's previous sexual abuse and exploitation of Juvenile Victim 2 should be admitted under Rule 414 and, at the very least, to prove the Defendant's state of mind under Rule 404(b).[8]

## IV. **CONCLUSION**

For the foregoing reasons, the Court should rule *in limine* that evidence of the Defendant's sexual abuse of Juvenile Victim 1, child pornography possession, and production of child pornography with Juvenile Victim 2 during the course of his sexual abuse of her, are all admissible.

Respectfully submitted,

Dated:  August 23, 2022

PHILLIP A. TALBERT
United States Attorney

By:   */s/ Rosanne Rust*
ROSANNE L. RUST
Assistant United States Attorney

---

[8] An early ruling on this Motion will not only provide clarity and sufficient time for counsel to thereafter tailor their final trial preparation to the universe of admissible evidence, *see Thornhill*, 940 F.3d at 1121-22, but will also, importantly, allow Juvenile Victims 1 and 2 to mentally prepare for what will be expected of them during trial.  *See generally* 18 U.S.C. § 3771(a).

MOTION IN LIMINE NO. 1 TO ADMIT EVIDENCE OF
DEF.'S SEXUAL MISCONDUCT & CONVICTIONS