HEATHER E. WILLIAMS, SBN 122664
Federal Defender
CHRISTINA SINHA, SBN 278893
MEGAN T. HOPKINS, SBN 294141
Assistant Federal Defenders
801 I Street, Third Floor
Sacramento, California 95814

Attorneys for Defendant
KEITH WILLETTE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 2:19-CR-0044 JAM |
|---|---|---|
| Plaintiff, | ) ) | **NOTICE OF MOTION AND MOTION TO DISMISS INDICTMENT FOR VIOLATION OF STATUTE OF LIMITATIONS** |
| v. | ) ) ) | |
| KEITH WILLETTE, | ) ) | Date:  September 20, 2022
Time:  9:30 a.m. |
| Defendant. | ) ) | Judge: Hon. John A. Mendez |

TO: United States Attorney Phillip A. Talbert; Assistant United States Attorneys Rosanne L. Rust and Christina McCall; and United States Department of Justice Trial Attorney Alicia A. Bove:

PLEASE TAKE NOTICE that defendant Keith Willette, by and through undersigned counsel, will and hereby does move under Federal Rule of Criminal Procedure 12(b)(1) for an order dismissing Count One of the indictment on the ground that it was filed outside of the statute of limitations. The motion is based on the below memorandum of points and authorities. The defendant awaits the response of the government before determining whether to request an evidentiary hearing.

*The remainder of this page is intentionally blank.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I. Procedural History

On March 7, 2019, the United States filed a single-count indictment charging that between May 2000 and April 2002, Mr. Willette violated 18 U.S.C. § 2251(a) and (d) by attempting to employ, use, persuade, induce, entice, and coerce a minor, "Juvenile Victim 1," to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that the visual depiction would be transported in interstate and foreign commerce and mailed, and such visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce. Docket No. 1. The indictment specifies that for purposes of the offense, "sexually explicit conduct" is defined by 18 U.S.C. § 2256(2). *Id*.

### II. Argument

**A. The Indictment Was Filed Outside 18 U.S.C. § 3282's Five-Year Statute of Limitations.**

The standard statute of limitations for non-capital offenses is five years. *See* 18 U.S.C. § 3282. In the present case, the indictment was not filed until nearly 17 years after the alleged offense occurred. Thus, under 18 U.S.C. § 3282, the indictment was filed outside of the statute of limitations and should be dismissed.

**B. The Alternative Statutes of Limitations—18 U.S.C. § 3283 and 18 U.S.C. § 3299— Are Inapplicable.**

**1. The 18 U.S.C. § 3283 Standard Is Not Applicable to the Attempt Offense Alleged in the Indictment.**

The government will presumably argue that the indictment was timely filed under 18 U.S.C. § 3283,[1] which provides:

---

[1] In 1990, Congress enacted a special statute of limitations, allowing the prosecution of sexual abuse crimes until the alleged victim reached 25 years of age. 18 U.S.C. § 3509(k) (1991). In 1994, the text of that statute was recodified at 18 U.S.C. § 3283, which provided:
> No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse of a child under the age of 18 years shall preclude such prosecution before the child reaches the age of 25 years.

> No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse, or kidnaping, of a child under the age of 18 years shall preclude such prosecution during the life of the child, or for ten years after the offense, whichever is longer.

Section 3283 is inapplicable to this case because the offense Mr. Willette is charged does not "involve[]" the "sexual or physical abuse, or kidnaping" of a child. Instead, the government alleges that Mr. Willette *attempted* to violate 18 U.S.C. § 2251(a) and (d). An attempt can be completed if a defendant intended to commit an offense and took a substantial step toward that end. *United States v. Taylor*, __ U.S. __, 142 S. Ct. 2015, 2020 (2022). As argued below, a defendant can attempt to violate 18 U.S.C. § 2251 (a) and (d) without sexually abusing[2] anyone.

### a. In the Context of a Federal Statute of Limitations, an Offense "Involves" Conduct if the Conduct is an "Essential Ingredient" of the Offense.

In *Bridges v. United States*, 346 U.S. 209 (1953), the petitioner was charged with making a false statement in his petition for naturalization. His prosecution was barred by the governing statute of limitations but for the Wartime Suspension of Limitations Act, which applied to offenses "involving the defrauding of the United States." Recognizing that this suspension of the ordinary limitations constituted an exception to the "longstanding" policy of repose that is "fundamental to our society and our criminal law," *id*. at 216, the Supreme Court held that the suspension statue was inapplicable to petitioner's offense because defrauding the United States was not an "essential ingredient of the offense charged." *Id*. at 221. Though making a false statement is a crime "comparable" to perjury, "fraud is not an essential ingredient." *Id*. at 222. The Court reasoned that the offense is complete without proof of fraud, although fraud often accompanies it. *Id*. at 221. The Court further emphasized that "[t]he insertion in the indictment of the words 'procured by fraud' does not change the offense charged. The embellishment of the

---

*See* 18 U.S.C. § 3283, Historical and Statutory Notes. In 2003, Congress again amended the statute to extend the statute of limitations so that the government could continue to prosecute suspected child abusers at any time "during the life of the child."

[2] Mr. Willette assumes the government will rely on an argument that the indictment charges an offense involving sexual abuse, not physical abuse or kidnapping.

indictment does not lengthen the time for prosecution. It is the statutory definition of the offense that determines whether or not the statute of limitations comes within the" statute extending the limitations period. *Id*. at 222-23.

### b. Sexual Abuse Is Not an Essential Ingredient of Attempted Production of Child Pornography.

The charged statute (18 U.S.C. § 2251(a)) criminalizes having a minor engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct that will be transmitted in interstate or foreign commerce or that was produced using materials that were transmitted in interstate or foreign commerce. In order to prove a defendant attempted to violate 18 U.S.C. § 2251(a), the government must prove the defendant believed the alleged victim named in the indictment was under the age of 18, that the defendant attempted to have them engage in sexually explicit conduct, that the defendant engaged in this behavior for the purpose of producing a visual depiction of the conduct, and that the materials used to attempt to produce the depiction were transmitted in interstate commerce. *United States v. Pierson*, 544 F.3d 933, 938 (8th Cir. 2008). There is no need for a real minor to be involved or for the named alleged victim to have actually engaged in sexually explicit conduct. *Id*. at 938-39 (sufficient evidence supported conviction for attempted violation of 18 U.S.C. § 2251(a) where government proved defendant believed that an adult undercover agent with whom he communicated through internet chat room was a 13-year-old girl and defendant asked the pretend 13-year-old to engage in sexually explicit conduct in front of a webcam and transmit the images to him); *see also United States v. Jayavarman*, 871 F.3d 1050, 1059 (9th Cir. 2017) ("a defendant may be convicted of an attempt to violate § 2251(c) if he believes that the victim is a minor, even if the victim turns out to be an adult.")

Because sexual abuse of a minor is not an essential ingredient of the offense of *attempted* production of child pornography, 18 U.S.C. § 3283 is inapplicable to this case. Instead, 18 U.S.C. § 3282 applies and the indictment was filed beyond its five-year statute of limitations.

**2. The Version of 18 U.S.C. § 3299 Enacted After the Alleged Offense Conduct Cannot Be Applied to this Case.**

After the alleged offense conduct in this case (i.e., after April of 2002), Congress enacted 18 U.S.C. § 3299, which provides:

> Notwithstanding any other law, an indictment may be found or an information instituted at any time without limitation for any offense under section 1201 involving a minor victim, and for any felony under chapter 109A, 110 (except for section 2257 and 2257A), or 117, or section 1591.

18 U.S.C. § 3299 (enacted July 7, 2006).  The charged statute (18 U.S.C. § 2251) falls under Chapter 110 of the 18 United States Code.

While 18 U.S.C. § 3299 was enacted before the regular five-year statute of limitations expired in this case, Mr. Willette contends that it is inapplicable, because it has no provision for retroactivity.  *Johnson v. United States*, 529 U.S. 694, 701 (2000) ("Quite independent of the question whether the Ex Post Facto Clause bars retroactive application of [a new statute of limitations], then, there is the question whether Congress intended such application. Absent a clear statement of that intent, we do not give retroactive effect to statutes burdening private interests.").

The statute creating 18 U.S.C. § 3299, Section 211 of the Adam Walsh Child Protection and Safety Act of 2006, PL 109–248, July 27, 2006, 120 Stat 587, contains no provision indicating the new section would provide to old offenses for which the statute of limitations had not run.  Congress is capable of specifying that it intends for old offense conduct to be covered by a new statute of limitations when it wants to.  *See, e.g.*, Military Justice Act of 2016, Pub. L. No. 114-328, § 5225(f), 130 Stat. 2000, 2910 ("The amendments made [to Article 43(b)] shall apply to the prosecution of any offense committed before, on, or after the date of the enactment of this subsection if the applicable limitation period has not yet expired."); Crime Control Act of 1990, Pub L. No. 101-647, § 2505(b), 104 Stat. 4789, 4861 ("The amendments … shall apply to any offense committed before the date of the enactment of this section, if the statute of limitations applicable to that offense had not run as of such date.").

In separate litigation, the government has conceded that "the Adam Walsh Child Protection Act, 18 U.S.C. § 3299, which abolished the statute of limitations for certain federal offenses committed against minors, does not apply to the instant case because the Act was signed into law on July 27, 2006, and does not appear to be retroactive. *See United States v. Richardson*, 512 F.2d 105, 106 (3d Cir.1975) (explaining a law extending a statute of limitations period is "presumed to operate prospectively in the absence of a clear expression to the contrary"). *United States v. Schneider*, 2010 WL 3656027, at *1, n. 1 (E.D. Pa. Sept. 15, 2010), *aff'd*, 801 F.3d 186 (3d Cir. 2015). In *Richardson*, the Third Circuit held that, when deciding whether a new statute of limitations provision applies to conduct that occurred before it was enacted:

> The question is one of ascertaining congressional intent. . . . Criminal statutes of limitations, however, are to be interpreted in favor of repose. *Toussie v. United States*, 397 U.S. at 115, 90 S.Ct. 858. Moreover, a law is presumed to operate prospectively in the absence of a clear expression to the contrary. *Hassett v. Welch*, 303 U.S. 303, 314, 58 S.Ct. 559, 82 L.Ed. 858 (1938).

*United States v. Richardson*, 512 F.2d 105, 106 (3d Cir. 1975).

Mr. Willette recognizes that in *United States v. Leo Sure Chief*, 438 F.3d 920, 924 (9th Cir. 2006), the Ninth Circuit held that, in passing the 2003 version of 18 U.S.C. § 3283, Congress intended to have the new statute of limitations extend the limitations period for offenses that, as of April 30, 2003, could have been timely prosecuted under the pre-2003 version of 18 U.S.C. § 3283. However, *Leo Sure Chief* is distinguishable from the current case. In *Leo Sure Chief*, the Ninth Circuit rejected an argument that the 2003 amendment to 18 U.S.C. § 3283 repealed the prior version under which the prosecution was timely. *See Leo Sure Chief*, 438 F.3d at 923. Mr. Willette is not making such a repeal by implication argument. He is simply contending that section 3299 does not apply to offenses committed before its 2006 effective date, as Congress has clearly indicated. Furthermore, as argued above, he contends that 18 U.S.C. § 3283 is inapplicable to the charged attempt offense.

### III.   Conclusion

This action must be dismissed because it was filed long after the five-year statute of limitations found in 18 U.S.C. § 3282 had expired. Title 18, section 3283, which provides an

alternate statute of limitations for offenses that "involve" sexual abuse of a minor, is inapplicable because an attempt to produce child pornography does not require that a defendant engage in sexual abuse of a minor. Title 18, section 3299 is inapplicable because it was enacted after the alleged offense conduct, and Congress did not indicate that it applies retroactively.

                              Respectfully submitted,

                              HEATHER E. WILLIAMS
                              Federal Defender

DATED: August 23, 2022                */s/ Christina Sinha*
                              CHRISTINA SINHA
                              Assistant Federal Defendant

                              */s/ Megan Hopkins*
                              MEGAN T. HOPKINS
                              Assistant Federal Defender

                              Attorneys for Defendant
                              KEITH WILLETTE