HEATHER E. WILLIAMS, SBN 122664
Federal Defender
CHRISTINA SINHA, SBN 278893
MEGAN T. HOPKINS, SBN 294141
Assistant Federal Defenders
801 I Street, Third Floor
Sacramento, California 95814
T: (916) 498-5700
F: (916) 498-5710

Attorneys for Defendant
KEITH WILLETTE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEITH WILLETTE,<br><br>Defendant. | Case No. 2:19-CR-44-JAM<br><br>**MR. WILLETTE'S MOTION IN LIMINE #1 TO EXCLUDE ALL EVIDENCE UNDER RULE 404, PARTICULARLY UNRELATED, ALLEGED CONTRABAND IMAGES**<br><br>Judge: Hon. John A. Mendez |

For the below-detailed reasons, Mr. Willette respectfully moves this Court to grant his motion to exclude all evidence under Fed. R. Evi. 404 for insufficient notice, but in particular, moves to exclude unrelated images of alleged child pornography.[1]

I. **Introduction.**

A. **State Proceedings.**

On May 18, 2017, the alleged victim in this federal case (hereinafter "alleged victim" or M.G.)[2] contacted local authorities and alleged that Mr. Willette, the defendant in this federal case,

---

[1] To ensure the record remains clear, the defense has filed separate motions *in limine* addressing other evidence that should be precluded under Rule 404. This first motion *in limine* seeks to preclude unrelated, alleged contraband images. The defense's second motion *in limine* seeks to preclude reference to Mr. Willette's prior convictions. The defense's third motion *in limine* seeks to prohibit the introduction of evidence related to Mr. Willette's stepdaughter, "N.G."

[2] The protective order in this case requires the parties to refer to the alleged victim in this case by her initials in public filings, even though she was no longer a juvenile by the time she reported the alleged crime. *See* ECF No. 19 at ¶ 11. Though the protective order does not require the parties to refer to Mr. Willette's stepdaughter (who was also an adult by the time she reported her alleged abuse) by her initials, the defense has elected to do so for consistency. *See id.*

had *inter alia* taken nude photographs of her when she was a juvenile, beginning in 1999. At the time of the report, she was 33 years old. Based on those allegations, state authorities arrested Mr. Willette on May 25, 2017 and initiated a state case against him. *See generally People v. Keith Wayne Willette*, El Dorado County case no. P17CRF0210. As part of their investigation, law enforcement searched electronic devices found at the Willette home, which allegedly contain images that constitute child pornography; however, none of these images are of M.G., and in fact, none of the images are of anyone known to Mr. Willette. On February 6, 2019, Mr. Willette pled guilty to counts two (Cal. P.C. § 289(i))[3] and four (Cal. P.C. § 311.11(a))[4] of an amended criminal complaint, and was sentenced to prison.

### B. Federal Proceedings.

While Mr. Willette was still serving his state prison sentence, on March 7, 2019, the federal government filed a one-count indictment against him. After he completed his time in state prison, but before his release from the facility, FBI agents arrested him on the federal charge and transported him to the Sacramento County Jail on March 27, 2019. His initial appearance in federal court occurred the next day, and the magistrate judge ordered pretrial detention. ECF Nos. 1, 6. He has remained detained at the Sacramento County Jail throughout this case.

The federal indictment charges Mr. Willette with violating the 1998 version of 18 U.S.C. § 2251(a) and (d), which is different from the current version of the statute. The 1998 version of 18 U.S.C. § 2251(a) reads as follows:

> (a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (d), if such person knows or has reason to know that such visual

---

[3] Cal. P.C. § 289(i) prohibits those over 21 years of age from sexually penetrating those under 16 years of age. M.G. is the named victim in that charge.

[4] Cal. P.C. § 311.11(a) criminalizes possession or control of child pornography. The defense is unaware of any records that explain which images are the subject of this count. The defense has requested this information from the government, and is informed and believes that the government likewise has no record of which images form the basis of this charge. However, it is clear that these images are *not* of the alleged victim in this case, or of any known person to Mr. Willette.

depiction will be transported in interstate or foreign commerce or mailed, if that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed.

Subsection (d) of the 1998 version of 18 U.S.C. § 2251 reads as follows:

> (d) Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title or imprisoned not less than 10 years nor more than 20 years, and[5] both, but if such person has one prior conviction under this chapter, chapter 109A, or chapter 117, or under the laws of any State relating to the sexual exploitation of children, such person shall be fined under this title and imprisoned for not less than 15 years nor more than 30 years, but if such person has 2 or more prior convictions under this chapter, chapter 109A, or chapter 117, or under the laws of any State relating to the sexual exploitation of children, such person shall be fined under this title and imprisoned not less than 30 years nor more than life. Any organization that violates, or attempts or conspires to violate, this section shall be fined under this title. Whoever, in the course of an offense under this section, engages in conduct that results in the death of a person, shall be punished by death or imprisoned for any term of years or for life.

### C. Challenged Evidence.

On May 12, 2022, the government sent a letter to the defense that *inter alia* stated:

> The government intends to file motions in limine under Federal Rules of Evidence 414 and 404(b) to introduce other evidence of the defendant's intent to create visual depictions of Juvenile Victim 1 that meet the statutory definition set forth in 18 U.S.C. § 2256(2) (1996).

The defense has not received any other written notice that provides details of the intended Rule 404(b) evidence. However, the defense is aware that the government alleges that child pornography depicting females unrelated to this litigation (i.e., images that are *not* of the alleged victim, nor any person known to Mr. Willette)[6] was found on electronic devices recovered from the home that Mr. Willette lived in with his family. The defense moves to prohibit the government from introducing any of those images at trial.

---

[5] The text of the statute contains the following footnote: "So in original. Probably should be 'or.'"
[6] Mr. Willette has never made any statement admitting to having downloaded or viewed these images, and in fact, he denies having downloaded or viewed these images.

**II.  Applicable Law.**

Evidence of a crime, wrong, or "other act" is inadmissible under Rule 404(b) to prove propensity. *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012); Fed R. Evi. 404(b)(1). Other act evidence, which is a form of extrinsic evidence, *may* be admissible for another purpose (provided it is not excludable under another rule, statute, or the U.S. Constitution), such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evi. 404(b)(2). Before such evidence is introduced at trial, a number of requirements must be satisfied, the first of which is sufficient notice. Specifically, Rule 404 mandates that the government:

(A) Provide *reasonable* notice of any such evidence that the prosecutor intends to offer at trial, *so that the defendant has a fair opportunity to meet it*;
(B) Articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the *reasoning that supports the purpose*; and
(C) Do so in writing before trial—or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evi. 404(b)(3) (emphasis added).

These strict requirements are in place to safeguard defendants' right to due process, as such evidence may be caustic to their constitutional right to a fair trial. This is because "[a] person should not be convicted merely because he or she has done prior bad acts." *United States v. Martin*, 796 F.3d 1101, 1105 (9th Cir. 2015). Furthermore, extrinsic evidence such as this is "not looked upon with favor." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013 (9th Cir. 1995) (quoting *United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir. 1993)).

The Ninth Circuit has established a four-part test to decide the admissibility of this type of evidence under Rule 404(b). In addition to proper notice, the evidence's proponent (here, the government) must prove:

(1) The evidence tends to prove a material point;
(2) The other act is not too remote in time;
(3) The evidence is sufficient to support a finding that the defendant committed the other act; and
(4) (In cases where knowledge and intent are at issue) the act is similar to the offense charged.

*Id.* (citing *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994)).  However, 'sufficient similarity' is a double-edged sword, because acts that are too similar to the charged offense may so prejudice the jury that the defendant's constitutional right to a fair trial is impermissibly frustrated.  As the Ninth Circuit reasoned:

> We have stated that our reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal system, that the defendant must be tried for what he did, not for who he is.  Thus, guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing.

*United States v. Vizcarra-Martinez*, 66 F.3d at 1013-14 (internal quotations omitted) (finding reversible error because district judge abused discretion in admitting evidence of small amount of personal-use methamphetamine under Rule 404 in a conspiracy to manufacture drugs case).

The government bears the burden of proving that their proffered evidence meets all these requirements.  *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012).  Additionally, like all evidence introduced at trial, the evidence must be relevant under Rule 401.  The Rule 404(b) analysis also incorporates the balancing test in Rule 403.  *Mayans*, 17 F.3d at 1183.  Failing to undertake a proper Rule 403 analysis when considering the admissibility of evidence under Rule 404(b) is error.  *Id.*  If the Court ultimately admits the evidence, it must provide a limiting instruction to "instruct the jury as to the specific purpose for which they may consider the evidence," and caution them against using it for any other purpose.  *United States v. Curtin*, 489 F.3d 935, 958 (9th Cir. 2007).  In short, before evidence may be admitted under Rule 404, the evidence must i) meet the notice requirement of Rule 404(b)(3); ii) be relevant under Rule 401; iii) satisfy the Ninth Circuit's four-part test; iv) satisfy Rule 403's balancing test; and v) be accompanied by a proper limiting instruction.

### III.   Argument.

#### A.   The government did not provide sufficient notice.

The government's purported notice does not meet the requirements of Rule 404(b)(3); this alone is sufficient reason to preclude the introduction of any evidence under this rule.  The purported notice provided by the government states, in pertinent portion:

> The government intends to file motions in limine under Federal Rules of Evidence 414 and 404(b) to introduce other evidence of the defendant's intent to create visual depictions of Juvenile Victim 1 that meet the statutory definition set forth in 18 U.S.C. § 2256(2) (1996).

This is clearly insufficient under Rule 404(b)(3).  Though this "notice" is in writing, it does not provide the kind of "reasonable" notice that enables Mr. Willette to have a "fair opportunity to meet" and challenge the evidence.  *See* Fed. R. Evi. 404(b)(3)(A).  The general statement that the government intends to "introduce other evidence" does not inform the defense as to what type of evidence will be introduced, or provide any clues as to the intended manner of introduction.  It does not even inform the defense of which person the notice relates to (i.e., whether it relates to the alleged victim or some other person).  This completely frustrates the purpose of Rule 404(b)(3)(A), which is to ensure the defense has sufficient information to be able to have a fair opportunity to challenge the evidence before its introduction at trial.

Second, though the purported notice arguably relates the permitted purpose (intent), it does not provide the "reasoning supporting that purpose."  *See* Fed. R. Evi. 404(b)(3)(B).  This leaves the defense to guess at what the government will seek to introduce under this rule and why.  In other words, not only does the purported notice fail to identify the actual evidence the government intends to use, it also fails to detail the nexus between the evidence and the permitted purpose.  Therefore, the government has not provided the requisite notice, and the Court should preclude them from introducing any evidence under Rule 404.  However, should the government subsequently provide notice, and should this Court allow their later notice over the defense's objection, such evidence should nonetheless be excluded for the reasons articulated below, though the defense reserves the right to add additional arguments if subsequent notice is given.  As the defense anticipates that the government will seek to introduce evidence of the alleged child pornography detailed in Sections I.A. and I.B. (hereinafter "contested images"), *supra*, the below-analysis centers on that evidence.

B. **The contested images are not relevant under Rule 401.**

The government alleges that images constituting "child pornography" were discovered on devices obtained from the Willette family home.  The defense reviewed all such images on August

05, 2022.[7]  First, the vast majority of these contested images do not qualify as "child pornography," either because the manner of the pose or visible portions of the female do not qualify under the federal definition, or because the images are of age-indeterminate females that could easily be adults.  The defense has not received any discovery alleging that any of these females is part of any series in the National Center for Missing & Exploited Children ("NCMEC") system.  The Court should exclude images that do not qualify as child pornography as irrelevant under Rule 401, as well as under Rule 403, as they will just serve to confuse the jury.  Second, even images that could qualify as child pornography are not relevant to the current case, because there is no allegation that Mr. Willette produced those images.  Critically, the government retrieved these images from unallocated space on various computer devices, meaning they cannot establish when or how the images came to be on those devices, who placed them on those devices, or even whether anyone ever viewed the images.  Finally, even though Mr. Willette pled guilty to possession/control of child pornography in state court, the government cannot establish that the contested images are the same images that he pled guilty to in state court.  Each of the above reasons, whether taken separately or in tandem, are sufficient to bar the introduction of the contested images at trial.

> C. **The evidence is insufficient to support a finding that Mr. Willette committed the other act, to wit, downloading or viewing the contested images.**

The proponent of other act evidence must also meet the four-part test laid out by the Ninth Circuit in *Mayans*.[8]  17 F.3d at 1181.  Taking each part in turn, the contested images do *not* tend to prove a material point.  As noted above, the issue in this trial is whether Mr. Willette attempted to *produce* child pornography images of the alleged victim.  Whether or not he had access to a device that had child pornography on it – which is the most that the contested images could establish – does not tend to prove any material point in this case, particularly because the

---

[7] Prior to commencing a review of these materials at the United States Attorney's Office, defense counsel confirmed with both the case agent and counsel for the government that defense counsel was being provided with all of the contraband images found on any of the devices seized from Mr. Willette's home on which the government may rely or seek to introduce in its case-in-chief.

[8] As detailed in Section II, *supra*, the four parts of the test are: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged.

government cannot establish that he had knowledge that the contested images were on the devices.

Next, the government cannot meet part two of the test, because they cannot establish that the act was sufficiently recent. Given that the images are in unallocated space (and as such, do not carry digital indicia of when they were created, when they were downloaded, and when [if ever] they were viewed), the government cannot show that the evidence is not too remote in time. There is no way for the government to reliably establish when these files were created or when these files were stored on each device. Forensic analysis, which relies on the very metadata that is missing in this case, will fail to offer any reliable method of determining who was operating the machine when the images were stored there or who possessed the images.

The government likewise cannot meet part three of the test, which asks whether there is sufficient evidence to support a finding that Mr. Willette committed the act at issue (knowingly downloading or viewing the contested images). This weighs very heavily in the defense's favor, because if, as here, it is not clear that the defendant committed the other act (part three of the test), the evidence is not relevant, and thus does not tend to prove a material point (part one of the test). Specifically, the evidence is insufficient to support a finding that Mr. Willette committed the other act for a multitude of reasons. As discussed above, the government cannot reliably establish who possessed the images. Other family members living in the Willette home, as well as guests of those family members, had access to the devices containing the contested images. This includes Mr. Willette's wife (who was accused of sexual misconduct with her daughter) and his children's invitees (one of which, the defense is informed and believes, was convicted *inter alia* of soliciting a minor for sex on the internet). Second, as is the case in many households, passwords and log in information were shared. Therefore, even if the government could establish which images were downloaded or stored on a device while logged in with a specific profile (which they cannot, given the lack of metadata regarding file creation and modification dates), that does not sufficiently establish that the person associated with that profile knowingly possessed those images. In short, it is clear on its face that the evidence is *not* sufficient to support a finding that Mr. Willette is the one who possessed the contested images. Further, before any of the contested images could be introduced at trial, the Court would need to hold a trial-within-a-trial, outside the presence of the

jury, to determine if the image the government seeks to introduce: i) involve a depiction of a juvenile; ii) involve "sexually explicit conduct" within the meaning of the 1998 version of 18 U.S.C. § 2251(a); iii) when the image was possessed; iv) who possessed the image; and v) whether the possession was knowing. This would need to be repeated for each image the government seeks to introduce.

Finally, the government cannot establish part four of the test, because the act is not similar to the charged offense, as Mr. Willette is charged with attempting to produce child pornography, not with receipt or possession.

> D. **Even if the Court finds these images admissible under Rules 404 and 401, they should be excluded under Rule 403.**

The Rule 404(b) analysis also incorporates the balancing test in Rule 403, and failure to employ the balancing test constitutes error. *Mayans*, 17 F.3d at 1183. The question presented at this trial is whether Mr. Willette attempted to produce images that qualify as "child pornography" under federal law. It cannot be disputed that defendants accused of these types of charges face a substantial amount of jury prejudice, to a significantly higher degree than those faced by most other defendants. This makes the Court's balancing analysis under Rule 403 even more critical.

> i. **Any relevance is substantially outweighed by the danger of undue delay and wasting time.**

First, in order to introduce this Rule 404(b) evidence against Mr. Willette, the government will have to establish the chain of custody of the devices, which, given the time that has passed, will require multiple witnesses.

Second, the government would have to establish that Mr. Willette knowingly downloaded or viewed the contested images, as detailed above. This is no small feat.

Third, the government would have to establish that the females depicted in the contested images are not only real persons, but further, are in fact under the age of 18. As the Court is aware from adjudicating prior cases, there is often significant and reasonable dispute regarding whether an alleged juvenile is in fact a minor, given that many people look much younger than their actual age, and such persons would be in high demand in the pornography industry. Thus, the

government would need to put on a witness or witnesses to establish the age of the females in the contested images, and the defense would challenge such evidence.

The above would need to happen outside the presence of the jury to avoid ringing a bell that cannot be unrung, should the prosecution fail to meet its burden. That situation would also cause undue delay that would waste the jury's and the Court's time, both of which substantially outweigh any relevance this evidence has to the charge at hand. Therefore, the Court should bar this evidence under Rule 403.

> ii.  **Any relevance is substantially outweighed by the danger of confusing the issues and misleading the jury.**

The *Willette* case is highly unusual, because though government witnesses will testify that Mr. Willette actually produced child pornography images of the alleged victim, no such images actually exist. In other words, the government does not have any images of the alleged victim that qualify as child pornography. Introducing the contested images – which do not depict any females involved in this case – has a very real potential to confuse and mislead the jury into thinking that the contested images involve the alleged victim or are otherwise representative of the images Mr. Willette is accused of making of the alleged victim.

> iii.  **Any relevance is substantially outweighed by the danger of unfair prejudice.**

Mr. Willette is charged with attempting to produce child pornography images of the alleged victim. The jury is tasked with making *impartial* factual determinations and holding the government to its burden of proof on all elements of the charged offense. Even assuming *arguendo* that the government could establish the contested images are sexually explicit visual representations of a minor and that Mr. Willette downloaded or viewed the same – which the defense disputes – the jury is not permitted to lower the government's burden of proof. On these facts, introducing evidence of unrelated child pornography images fails the Rule 403 test, because any relevance it has to the charged offense is substantially outweighed by the danger of unfair prejudice, particularly if the jury is forced to actually see the images, which have a strong likelihood of inspiring disgust, which will further prejudice the jury against Mr. Willette.

Therefore, this evidence should not be introduced under Rule 404(b).[9]

(The remainder of this page is intentionally blank.)

### iv. If this evidence is admitted under Rule 404(b), it should be limited to no more than one representative image.

Should the Court disagree with the defense's analysis and permit the introduction of the contested images, the Court should proscribe the number of admitted images to no more than one, to lessen the prejudice to Mr. Willette. Furthermore, the defense should be given an opportunity to view the selected image before its introduction to the jury, so that the defense has an opportunity to object if they believe the image does not qualify as child pornography.

### IV. Conclusion.

For the foregoing reasons, the defense respectfully moves this Court to grant its motion *in limine* to exclude all 404(b) evidence, and in particular, to exclude the introduction of the contested images.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: August 23, 2022

/s/ Christina Sinha
CHRISTINA SINHA
MEGAN T. HOPKINS
Assistant Federal Defenders
Attorneys for Defendant
KEITH WILLETTE

---

[9] The defense has filed a separate motion *in limine* to preclude evidence of 404(b) evidence related to Mr. Willette's stepdaughter. Should that motion be denied, then the contested images that are the subject of this motion *in limine* would also be excludable under 404(b) as needlessly presenting cumulative evidence.