PHILLIP A. TALBERT
United States Attorney
ROSANNE L. RUST
CHRISTINA McCALL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

ALICIA A. BOVE
Department of Justice, Trial Attorney
United States Department of Justice, Criminal Division
Child Exploitation & Obscenity Section
1301 New York Avenue, N.W.
Washington, D.C.  20005


Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:19-CR-0044 JAM |
| Plaintiff, | **UNITED STATES' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE UNDER RULE OF EVIDENCE 412** |
| v. | |
| KEITH WILLETTE, | DATE: September 20, 2022 |
| Defendant. | TIME:  9:30 a.m. |
| | COURT: Hon. John A. Mendez |

**<u>UNITED STATES' MOTION IN LIMINE NO. 2 UNDER RULE 412 TO EXCLUDE
EVIDENCE OF VICTIMS' ALLEGED OTHER SEXUAL BEHAVIOR
OR SEXUAL PREDISPOSITION</u>**


The United States of America, by and through its undersigned counsel, hereby files this motion
*in limine.*

### I.   PROCEDURAL HISTORY

On March 7, 2019, the grand jury returned a one-count indictment charging defendant Keith Willette with attempted production of child pornography in violation of 18 U.S.C. § 2251(a) and (d) (1998).  ECF No. 1.

This charge stems from defendant's sexual misconduct between approximately May 2000 and April 2002, during which he repeatedly molested a young female over whom he had supervisory control—one of his gymnastic students ("Juvenile Victim 1")—and attempted to record her engaged in sexually explicit conduct.  ECF No. 1.  Although the facts of this case bear repeating, in the interest of judicial efficiency, the United States incorporates by reference the facts articulated in the United States' Motion *in Limine* to Admit Evidence of Defendant's Other Sexual Misconduct and Convictions Under Rule 414 and 404(b).  As detailed in that Motion, the United States intends to call Juvenile Victims 1 and 2 to testify during the trial, and it now moves *in limine* for an order precluding defense counsel from: (1) seeking to elicit from the victims or any witness, any evidence regarding the victims' sexual behavior or disposition; and (2) referencing or arguing that the juvenile victims "consented" to or otherwise requested the sexual abuse or the production of child pornography.

As discussed below, these lines of inquiry and/or arguments are prohibited by both the plain language of Federal Rule of Evidence 412 ("Rule 412") and case law interpreting Rule 412.

### II.   LEGAL STANDARD AND ARGUMENT

Under Rule 412(a), evidence that a victim "engaged in other sexual behavior" or evidence offered to show a victim's "sexual predisposition" is "not admissible in a civil or criminal proceeding involving sexual misconduct," except under three, very limited exceptions outlined in Rule 412(b).  In criminal cases, Rule 412(b) provides the following exceptions to its general prohibition:

> (A) evidence of specific instances of sexual behavior by the victim offered to prove that a person other than the accused was the source of semen, injury or other physical evidence;

> (B) evidence of specific instances of sexual behavior by the victim with respect to the person accused to prove consent or if offered by the prosecution; and

> (C) evidence the exclusion of which would violate the constitutional rights of the defendant.

MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE
UNDER RULE 412

2

1    Fed. R. Evid. 412(b).

2         Even if one of these limited exceptions applied, a defendant must follow specific procedural

3    requirements to try and introduce Rule 412 evidence.  For example, a defendant must timely file a motion

4    under Rule 412 "specifically describ[ing] the evidence and stat[ing] the purpose for which it is offered."

5    Fed. R. Evid. 412(c)(1).  Failure to do that is itself grounds to deny the admission of any such evidence at

6    trial.  *See* Fed. R. Evid. 412(c)(1)(B) (requiring written motion filed 14 days prior to trial); *see also B.K.B.*

7    *v. Maui Police Dept.*, 276 F.3d 1091, 1106 (9th Cir. 2002) (reversing trial court decision to allow

8    evidence under Fed. R. Evid. 412 in part because "the defendants . . . flouted the procedural requirements

9    of Rule 412"); *S.M. v. J.K.*, 262 F.3d 914, 919 (9th Cir. 2001) ("[W]e hold that the magistrate judge's

10   decision to exclude the evidence as a sanction for failing to comply with Rule 412 was proper.").  Second,

11   "the court must conduct an in camera hearing and give the victim and the parties the right to attend and be

12   heard."  Fed. R. Evid. 412(c)(2).  The pleadings and the record of the hearing must be sealed.  *Id.*

13        To date, the defendant has not noticed any such evidence, nor is the government aware of any that

14   would fall within one of the exceptions to the Rule, especially given the nature of the charge in this case.

15   Instead, any evidence of the juvenile victims' prior alleged sexual behavior fall squarely within the

16   prohibitions of Rule 412.  *See, e.g., United States v. Payne*, 944 F.2d 1458, 1469–70 (9th Cir. 1991)

17   (upholding the trial court's exclusion of the evidence of a minor victim's prior sexual conduct with a peer);

18   *United States v. Torres,* 937 F.2d 1469, 1472–74 (9th Cir. 1991) (same).

19        To the extent the defendant tries to claim that any of the three exceptions in Rule 412(b) apply,

20   his argument would fail.  For example, there is no known source of "semen, injury, or other physical

21   evidence" at issue in this case.  Fed. R. Evid. 412(b)(1)(A).  Consent is also not at issue, because the

22   consent of a minor victim is not a defense to sexual abuse, child exploitation, or the production of child

23   pornography.  *See, e.g.*, Fed. R. Evid. Rule 412 (b)(1)(B); *United States v. Brook*s, 610 F.3d 1186,

24   1199 (9th Cir. 2010) ("The victim's willingness to engage in sexual activity is irrelevant, in much the

25   same way that a minor's consent to sexual activity does not mitigate the offense of statutory rape or

26   child molestation." (quoting *United States v. Dhingra*, 371 F.3d 557, 567 (9th Cir. 2004)); *Torres*, 937

27   F.2d at 1473 (consent exception was inapplicable where "the victim was too young to give valid

28   consent").

MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE
UNDER RULE 412

3

1    Similarly, a defendant's constitutional right to introduce evidence at trial in his defense is not

2  limitless, *United States v. Elbert*, 561 F.3d 771, 776 (8th Cir. 2009), especially when it concerns a

3  victim's "past sexual behavior."  *See, e.g., Torres*, 937 F.2d at 1472–1473 (rejecting the defendant's

4  claim that his rights under the Confrontation Clause were violated when he was limited in cross-

5  examining the victim regarding her "past sexual behavior").  Notably, the Ninth Circuit has interpreted

6  the definition of "past sexual behavior" broadly to include "all sexual behavior of the victim . . . which

7  precedes the date of the trial."  *Id.* at 1472.

8    Notwithstanding Rule 412, numerous courts have also found that it is not an abuse of discretion

9  to limit or prohibit defense counsel's cross-examination of witnesses on their past sexual experiences

10  when such testimony would be more prejudicial than probative or when it lacks relevance to the

11  alleged sexual offense.  *See United States v. Hitt,* 473 F.3d 146, 156-57 (5th Cir. 2006) (finding no

12  Confrontation Clause violation and affirming district court's exclusion of cross-examination questions

13  that sought to elicit facts about victim's prior sexual activities); *United States v. Griffith*, 284 F.3d 338,

14  352 (2d Cir. 2002) (evidence of past sexual behavior of victims inadmissible in transportation of

15  minors for purposes of prostitution case); *Agard v. Portuondo*, 117 F.3d 696, 702–03 (2d Cir. 1997)

16  (no violation of Confrontation Clause or Due Process where cross-examination questions were limited

17  regarding victim's prior experience with anal intercourse because of highly prejudicial nature of

18  testimony), *rev'd on other grounds*, 529 U.S. 61 (2000); *United States v. Bittner*, 728 F.2d 1038, 1042

19  (8th Cir. 1984) (no abuse of discretion in preventing cross-examination of witness regarding prior

20  sexual incident with boyfriend because it was prejudicial and irrelevant).

21    Here, defense counsel's cross examination of the victims regarding (i) any past sexual

22  experiences, or (ii) any purported consent should be prohibited, because it is not only irrelevant, it is

23  more prejudicial than probative, and it is barred by Rule 412.  As noted above, consent cannot be a

24  defense as a matter of law.  Concerning sexual experiences—not only are any such experiences

25  completely unrelated to the current charge, and thus irrelevant, but the questioning of the victims'

26  sexual behavior would implicate all of the concerns expressed by Congress when it enacted Rule 412.

27  *See* Fed. R. Evid. 412, commentary to the 1994 amendments (Rule 412's focus is on "safeguard[ing]

28  the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping

MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE
UNDER RULE 412

4

1    that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo

2    into the factfinding process.").  Therefore, the Court should prohibit the defendant from inquiring into

3    such matters as doing so would only serve to impermissibly cast aspersions on the victims' character.

### III.    CONCLUSION

5        For the foregoing reasons, the United States respectfully requests an order prohibiting defense

6    counsel from introducing evidence of, questioning any witness about, or referring to the victims' (i)

7    past sexual behavior and/or (ii) the victims' purported consent to, or otherwise request of, the sexual

8    abuse or the production of child pornography because it is irrelevant, more prejudicial than probative,

9    and prohibited by Rule 412.

Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

12   Dated:  August 23, 2022

By:   */s/ Alicia Bove*
ALICIA BOVE
Trial Attorney

MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE
UNDER RULE 412

5