PHILLIP A. TALBERT
United States Attorney
ROSANNE L. RUST
CHRISTINA McCALL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

ALICIA A. BOVE
Department of Justice, Trial Attorney
Child Exploitation & Obscenity Section
1301 New York Avenue, N.W.
Washington, D.C.  20005

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>KEITH WILLETTE,<br><br>                              Defendant. | CASE NO.  2:19-CR-0044 JAM<br><br>PLEA AGREEMENT |

## I.    **INTRODUCTION**

A.    **Scope of Agreement.**

The Superseding Information in this case charges the defendant with violations of: 18 U.S.C. § 2252(a)(4)(B) (2003 ed.) – Possession of Material Involving the Sexual Exploitation of Minors (Counts One and Two).  This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case.  No modification of this plea agreement shall be effective unless it is in writing and signed by all parties.  This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory

PLEA AGREEMENT                                              1

1   authorities.

2   **B.      Rule 11(c)(1)(C) Specific Sentence Agreement.**

3   The government and the defendant agree that a specific sentence of 10 years in prison (*i.e.*, 10

4   years imprisonment imposed on each of the two counts to run concurrent to one another for a total term

5   of 10 years in prison) and a term of lifetime supervision, set forth below in paragraph VI.C., would be

6   appropriate in this case.  Consequently, this plea agreement is being offered to the Court pursuant to

7   Fed. R. Crim. P. 11(c)(1)(C).

8   Under the provisions of Fed. R. Crim. P. 11(c)(3)(A), the Court may accept or reject the plea

9   agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity

10  to consider the presentence report.  If the Court accepts the plea agreement, the Court will inform the

11  defendant that it will embody in the judgment and sentence the disposition provided for in this plea

12  agreement.  If the Court rejects this plea agreement, the Court shall so advise the defendant, allow the

13  defendant the opportunity to withdraw the defendant's pleas, and advise him that if he persists in a guilty

14  plea the disposition of the case may be less favorable to him than is contemplated by this plea

15  agreement.

16  **II.      DEFENDANT'S OBLIGATIONS**

17  **A.      Guilty Pleas.**

18  The defendant will plead guilty to Count One (Possession of Material Involving the Sexual

19  Exploitation of Minors) and Count Two (Possession of Material Involving the Sexual Exploitation of

20  Minors) of the Superseding Information.  The defendant agrees that he is in fact guilty of these charges

21  and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.  The

22  defendant also agrees that all of the information contained in the Factual Basis for Plea is relevant

23  conduct under U.S.S.G. § 1B1.3.

24  The defendant agrees that this plea agreement will be filed with the Court and become a part of

25  the record of the case.

26  The defendant agrees that the statements made by him in signing this plea agreement, including

27  the factual admissions set forth in the Factual Basis for Plea attached hereto as Exhibit A, shall be

28  admissible and useable against the defendant by the United States in any subsequent criminal or civil

PLEA AGREEMENT                                            2

proceedings.  However, in the event the Court does not accept the binding agreement of the parties and the defendant withdraws his plea, the statements made by the defendant in signing this Agreement, including the factual admissions set forth in the factual basis, shall not be admissible at trial or any subsequent criminal or civil proceedings.

       1.    Remand.

The defendant acknowledges that the crime to which he is pleading guilty is listed in 18 U.S.C. § 3143(a)(2), and he agrees that he will remain in custody upon the entry of the defendant's plea.

**B.**    **Restitution.**

The defendant agrees the conduct to which he is pleading guilty requires him to pay mandatory restitution to the victims under 18 U.S.C. § 2259 (2003 ed.).  The defendant agrees to pay restitution to Juvenile Victim 1 in an amount between $7,350 and $150,000.  The defendant also agrees to pay restitution to Juvenile Victim 2 in an amount between $1,000 and $150,000.

Pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing and allow for a restitution hearing after the sentencing if the victims' losses are not ascertainable before then.

Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.  Payment of restitution shall be by cashier's or certified check made payable to the Clerk of the Court.

**C.**    **Fine.**

The defendant reserves the right to argue to Probation and at sentencing that he is unable to pay a fine, and that no fine should be imposed.  The defendant understands that it is the defendant's burden to affirmatively prove that he is unable to pay a fine, and agrees to provide a financial statement under penalty of perjury to the Probation Officer and the government in advance of the issuance of the draft Presentence Investigation Report, along with supporting documentation.  The government retains the right to oppose the waiver of a fine.  If the Court imposes a fine, the defendant agrees to pay such fine if and as ordered by the Court, up to the statutory maximum fine for the defendant's offenses.

**D.**    **Special Assessments.**

The defendant agrees to pay a special assessment of $100 for each count of conviction for a total

PLEA AGREEMENT

of $200 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary, by participating in the Inmate Financial Responsibility Program. The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment either immediately before the sentencing hearing or through participation in the Inmate Financial Responsibility Program.

**E.      Violation of Plea Agreement by Defendant / Withdrawal of Pleas.**

If the defendant violates this plea agreement in any way, withdraws the defendant's plea, or tries to withdraw the defendant's plea, this plea agreement is voidable at the option of the government. If the government elects to void this plea agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engaging in any post-plea conduct constituting obstruction of justice. If the defendant violates this plea agreement in any way, the government also shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such

PLEA AGREEMENT                                                   4

1  counts including, but not limited to, any statutes of limitation or any objections based on the Speedy

2  Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as

3  of the date of this plea agreement.  The determination of whether the defendant has violated the plea

4  agreement will be under a probable cause standard.

5        In addition, (1) all statements made by the defendant to the government or other designated law

6  enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal,

7  whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or

8  administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no

9  claim under the United States Constitution, any statute, Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, or any

10  other federal rule, that statements made by the defendant before or after this plea agreement, or any

11  leads derived therefrom, should be suppressed.  By signing this plea agreement, the defendant waives

12  any and all rights in the foregoing respects.

13        **F.**    **Asset Disclosure.**

14        The defendant agrees to make a full and complete disclosure of the defendant's assets and

15  financial condition, and will complete the United States Attorney's Office's "Authorization to Release

16  Information" and "Financial Affidavit" within five (5) weeks from the entry of the defendant's change

17  of plea, including supporting documentation.  The defendant also agrees to have the Court enter an order

18  to that effect.  The defendant understands that if he fails to complete truthfully and provide the described

19  documentation to the United States Attorney's office within the allotted time, he will be considered in

20  violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E

21  above.

22        **III.**    **THE GOVERNMENT'S OBLIGATIONS**

23        **A.**    **Dismissals/Other Charges.**

24        The government agrees to move, at the time of sentencing, to dismiss without prejudice the

25  remaining count in the Indictment.  The government also agrees not to reinstate any dismissed count

26  except if this plea agreement is voided as set forth in this plea agreement generally, or as specifically

27  provided in paragraphs II.E (Violation of Plea Agreement by Defendant/Withdrawal of Pleas), VI.B

28  (Stipulated Guideline Calculation), and VII.B (Waiver of Appeal and Collateral Attack) herein.

PLEA AGREEMENT                    5

**B.   Recommendations.**

　　　　1.   Incarceration Range.

The government will recommend that the defendant be sentenced to 10 years in prison (*i.e.*, 10 years imprisonment imposed on each of the two counts to run concurrent to one another for a total term of 10 years in prison).

　　　　2.   Acceptance of Responsibility.

The government will recommend a two-level reduction in the computation of the defendant's offense level if the defendant clearly demonstrates acceptance of responsibility for the defendant's conduct as defined in U.S.S.G. § 3E1.1.  This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

**C.   Use of Information for Sentencing.**

The government is free to provide full and accurate information relevant to the charged offenses and relevant conduct to the Court and Probation, including Victim Impact Statements, and answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, the defendant's attorney, Probation, or the Court.  The defendant also understands and agrees that nothing in this plea agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

**IV.   ELEMENTS OF THE OFFENSE**

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offenses to which the defendant is pleading guilty:

Count One (Possession of Material Involving the Sexual Exploitation of Minors), 18 U.S.C. § 2252(a)(4)(B) (2003 ed.):

(1) First, on or about April 19, 2004, the defendant knowingly possessed one or more matters which the defendant knew contained visual depictions of a minor, to wit:  Juvenile Victim 1, engaged in sexually explicit conduct;

PLEA AGREEMENT

6

(2) Second, the defendant knew the visual depictions contained in the other matter showed a minor engaged in sexually explicit conduct;

(3) Third, the defendant knew that the production of such visual depictions involved the use of a minor in sexually explicit conduct; and

(4) Fourth, that the visual depictions had been produced using material that had been mailed, shipped, or transported in interstate or foreign commerce, by computer or other means.

Count Two (Possession of Material Involving the Sexual Exploitation of Minors), 18 U.S.C. § 2252(a)(4)(B) (2003 ed.):

(1) First, on or about May 3, 2004, the defendant knowingly possessed one or more video tapes or other matters which the defendant knew contained visual depictions of a minor, to wit: Juvenile Victim 2, engaged in sexually explicit conduct;

(2) Second, the defendant knew the visual depictions contained in the other matter showed a minor engaged in sexually explicit conduct;

(3) Third, the defendant knew that the production of such visual depiction involved the use of a minor in sexually explicit conduct; and

(4) Fourth, that the visual depictions had been transported in interstate commerce.

The defendant fully understands the nature and elements of the crimes charged in the Superseding Information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.   **MAXIMUM SENTENCE**

A.   **Maximum Penalty.**

The maximum sentence that the Court can impose for Count One is 10 years of incarceration, a fine of $250,000, a lifetime period of supervised release and a special assessment of $100. The maximum sentence that the Court can impose for Count Two is 10 years of incarceration, a fine of $250,000, a lifetime period of supervised release and a special assessment of $100.

By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which he is pleading

PLEA AGREEMENT

guilty.  The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

**B.    Violations of Supervised Release.**

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up two additional years of imprisonment.

## VI.    SENTENCING DETERMINATION

**A.    Statutory Authority.**

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence.  The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence.  The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B.    Stipulations Affecting Guideline Calculation.**

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

Under U.S.S.G. § 3D1.2, the two counts of possession the defendant is pleading guilty to group for the purpose of calculating the Guidelines.  Because of that, the table below contains Guidelines calculations that take into account the offense conduct for both possession counts.  Given the date specified above for the offense conduct and by operation of U.S.S.G. § 1B1.11, the applicable Sentencing Guidelines are from November 2003:

PLEA AGREEMENT

8

| U.S.S.G. Section | Description | Offense Levels |
|---|---|---|
| 2G2.4 & cross reference to 2G2.1 | Base offense level under 2G2.1 | 27 |
| 2G2.1(b)(1)(B) | If victim had not reached 16 years old (Juvenile Victim 2 was approximately 15 when the video of sexual abuse was recorded) | +2 |
| 2G2.1(b)(2) | Parent or supervisory control of victim | +2 |
| 3A1.1(b)(1) | Vulnerable victim | +2 |
| 3E1.1(a) | Acceptance of responsibility<br><br>(The government has already begun preparing for trial, including drafting and filing several motions *in limine*, and coordinating witnesses for trial, so the parties agree that the third point for acceptance of responsibility under § 3E1.1(b) does not apply in this case.) | -2 |
| | Total offense level | 31 |

**Criminal History:** The government estimates, but will not stipulate, that the defendant's criminal history category is I.

**Sentencing Range:** Based on the stipulations above and the defendant's estimated criminal history category, the parties estimate that the Guidelines range will be **108 to 135 months in prison**. The defendant understands that if the criminal history category differs from the parties' estimate, the defendant's Guidelines sentencing range may differ from that set forth here.

**Departures or Other Enhancements or Reductions:** The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references, except if the court calculates the Guidelines differently than what is listed above such that the upper end of the Guidelines range is below 120 months, the parties will agree that an upward variance applies under 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C), and (b)(2)(A)(i), and/or an upward departure applies under either U.S.S.G. §§ 4A1.3(a)(2)(E) or 5K2.0(a)(1)(B).

**C.    Specific Sentence Agreement.**

The parties agree that a reasonable and appropriate disposition of this case under the Sentencing Guidelines and 18 U.S.C. § 3553(a), and the sentence to which the parties have agreed is:  a total term of imprisonment of 10 years (*i.e.*, 10 years imprisonment imposed on each of the two counts to run

concurrent to one another for a total term of 10 years in prison); a lifetime term of supervised release; conditions prohibiting the defendant from contacting, for any reason, Juvenile Victim 1 and her relatives, and Juvenile Victim 2 and any of Juvenile Victim 2's children, her husband and brother, in addition to standard release conditions, and sex-offender specific conditions set by the Court; a mandatory special assessment of $200; restitution as determined by the Court; and a fine as determined by the Court.

## VII.   WAIVERS

### A.   Waiver of Constitutional Rights.

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on the defendant's behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B.   Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal the defendant's guilty pleas, convictions, and sentence. The defendant agrees as part of the defendant's pleas, however, to give up the right to appeal the guilty pleas, convictions, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximums for the offenses to which he is pleading guilty. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's convictions and guilty pleas, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's pleas of guilty. The defendant specifically gives up the right to appeal any order of restitution or special assessment the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the

PLEA AGREEMENT

1  statutory maximums; and/or (2) the government appeals the sentence in the case.  The defendant

2  understands that these circumstances occur infrequently and that in almost all cases this plea agreement

3  constitutes a complete waiver of all appellate rights.

4       In addition, regardless of the sentence the defendant receives, the defendant also gives up any

5  right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any

6  aspect of the guilty pleas, convictions, or sentence, except for non-waivable claims.

7       Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever

8  attempts to vacate the defendant's pleas, dismiss the underlying charges, or modify or set aside the

9  defendant's sentence on any of the counts to which he is pleading guilty, the government shall have the

10  rights set forth in Section II.E herein.

11       **C.      Waiver of Attorneys' Fees and Costs.**

12       The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-

13  119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the

14  investigation and prosecution of all charges in the above-captioned matter and of any related allegations

15  (including without limitation any charges to be dismissed pursuant to this plea agreement and any

16  charges previously dismissed).

17       **D.      Sex Offender Registration.**

18       Defendant understands that by pleading guilty, defendant will be required to register as a sex

19  offender upon the defendant's release from prison as a condition of supervised release pursuant to 18

20  U.S.C. § 3583(d).  Defendant also understands that independent of supervised release, he will be subject

21  to federal and state sex offender registration requirements, and that those requirements may apply

22  throughout the defendant's life.  The defendant understands that he shall keep the defendant's

23  registration current, shall notify the state sex offender registration agency or agencies of any changes to

24  defendant's name, place of residence, employment, or student status, or other relevant information.

25  Defendant shall comply with requirements to periodically verify in person the defendant's sex offender

26  registration information.  Defendant understands that he will be subject to possible federal and state

27  penalties for failure to comply with any such sex offender registration requirements.  If he resides in

28  California following release from prison, he will be subject to the registration requirements of California

PLEA AGREEMENT                                11

1   state law pertaining to sex offender registry.  Defendant further understands that, under 18 U.S.C. §

2   4042(c), notice will be provided to certain law enforcement agencies upon the defendant's release from

3   confinement following conviction.  As a condition of supervised release, defendant shall initially

4   register with the state sex offender registration in California, and shall also register with the state sex

5   offender registration agency in any state where defendant resides, is employed, works, or is a student, as

6   directed by the Probation Officer.  The defendant shall comply with all requirements of federal and state

7   sex offender registration laws, including the requirement to update the defendant's registration

8   information.  Defendant shall provide proof of registration to the Probation Officer within 72 hours of

9   release from imprisonment.

## VIII.   ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.   APPROVALS AND SIGNATURES

### A.   Defense Counsel.

I have read this plea agreement and have discussed it fully with my client.  The plea agreement accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 09/14/2022

CHRISTINA SINHA
MEGAN HOPKINS
Attorneys for Defendant

### B.   Defendant:

I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case.  No other promises or inducements have been made to me, other than those contained in this plea

PLEA AGREEMENT                                    12

1  agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.

2  Finally, I am satisfied with the representation of my attorney in this case.

3  Dated: SEPT 14, 2022

4                                    KEITH WILLETTE
                                    Defendant

**C.**    **Attorney for United States:**

    I accept and agree to this plea agreement on behalf of the government.

Dated: September 14, 2022

                                    PHILLIP A. TALBERT
                                    United States Attorney

                                    ROSANNE L. RUST
                                    CHRISTINA McCALL
                                    Assistant United States Attorneys

                                    ALICIA A. BOVE
                                    Department of Justice, Trial Attorney
                                    Child Exploitation & Obscenity Section
                                    1301 New York Avenue, N.W.
                                    Washington, D.C.  20005

PLEA AGREEMENT

**EXHIBIT "A"**
**Factual Basis for Plea**

For decades, the Defendant was a gymnastics coach to young females in multiple states throughout the country. In that role, he was able to gain access to children including Juvenile Victim 1 and Juvenile Victim 2.

Indeed, in the mid-1980s, the Defendant met Juvenile Victim 2 and her mother at a gymnastics facility. The Defendant and Juvenile Victim 2 began spending significant amounts of time together under the auspices of high-level gymnastics training, and the Defendant pursued a relationship with Juvenile Victim 2's mother. That relationship gave the Defendant access to Juvenile Victim 2, and he began molesting Juvenile Victim 2 from a young age, including having sexual intercourse with her, starting at the age of approximately 13, and continuing beyond her teenage years. In addition to the sexual abuse, the Defendant used Juvenile Victim 2 to produce child pornography on at least two occasions while he was living in the State of Washington: he video recorded himself having sexual intercourse with Juvenile Victim 2 when she was approximately 15 years old, and he took sexually explicit Polaroid photographs of Juvenile Victim 2 after instructing her to pose naked when she was approximately 17 years old. Those photographs of Juvenile Victim 2 displayed a lascivious exhibition of her genitals. The defendant was aware of Juvenile Victim 2's age at all relevant times, including that Juvenile Victim 2 was a minor at the time that the aforementioned visual depictions were created. The defendant was also aware that the visual depictions he possessed of Juvenile Victim 2 depicted sexually explicit conduct.

When the defendant moved to California in the late 1990s, he brought that sexually explicit VHS tape or video of Juvenile Victim 2 and himself, and the sexually explicit Polaroid pictures of Juvenile Victim 2 with him, and he knowingly kept them in his home in El Dorado County, which is located in the Eastern District of California, until at least on or about May 3, 2004.

After Juvenile Victim 2 had become a young adult, in the early 2000s, the Defendant met Juvenile Victim 1 in California through gymnastics. Juvenile Victim 1 was a talented 15-year-old athlete at the time and the Defendant became her gymnastics coach. After coaching Juvenile Victim 1 for some time, the Defendant began photographing her using a gold, handheld Olympus digital camera. Some of the photographs he took of Juvenile Victim 1 in California, when she was approximately 16 or 17 years old, displayed a lascivious exhibition of her genitals and anus. At all relevant times, Olympus digital cameras were manufactured outside the State of California. The defendant was aware of Juvenile Victim 1's age at all relevant times, including that Juvenile Victim 1 was a minor at the time that the aforementioned visual depictions were created. The defendant was also aware that the visual depictions he possessed of Juvenile Victim 1 depicted sexually explicit conduct.

After taking these sexually explicit photographs of Juvenile Victim 1, the Defendant knowingly possessed copies of them until at least on or about April 19, 2004, in his home in El Dorado County, which is located in the Eastern District of California.

I have reviewed the entire factual basis in Exhibit A above and, as far as my own conduct is concerned, I adopt it as my own true statement.

DATED: 9/14/22

Keith Willette, Defendant

PLEA AGREEMENT                                                    A-1