PHILLIP A. TALBERT
United States Attorney
ROSANNE L. RUST
CHRISTINA McCALL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

ALICIA A. BOVE
Department of Justice, Trial Attorney
United States Department of Justice, Criminal Division
Child Exploitation & Obscenity Section
1301 New York Avenue, N.W.
Washington, D.C. 20005

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KEITH WILLETTE,<br><br>    Defendant. | CASE NO. 2:19-CR-44 JAM<br><br>**STIPULATION REGARDING RESTITUTION AND ORDER** |

Plaintiff United States of America, by and through its counsel of record, and defendant Keith Willette ("defendant"), both individually and by and through his counsel, Christina Sinha and Megan Hopkins, hereby stipulate as follows:

1. On September 14, 2022, the government filed a two-count Superseding Information against the defendant, charging him with one count of possession of material involving the sexual exploitation of minors, involving Juvenile Victim 1 (Count One), and one count of possession of material involving the sexual exploitation of minors, involving Juvenile Victim 2 (Count Two), both in violation of 18 U.S.C. § 2252(a)(4). ECF No. 84.

2. On September 20, 2020, the defendant pleaded guilty to both counts of the Superseding Information, pursuant to a plea agreement. ECF Nos. 89 & 91. As a part of his plea agreement, the defendant agreed to pay restitution (which is mandatory) for both of the victims' compensable damages under 18 U.S.C. § 2259. ECF No. 91 at 3.

3. At the sentencing hearing, the Court set a restitution hearing for February 28, 2023, and that hearing has been continued at the parties' request to March 7, 2023. ECF Nos. 101 and 105.

4. The parties agree, and the Court has found, that Juvenile Victim 1 and Juvenile Victim 2 are "victims" in this case as provided in 18 U.S.C. §§ 2259 and 3663, and that defendant's crimes have caused them certain loss amounts.

5. Counsel for the United States has conferred with Juvenile Victim 1 and Juvenile Victim 2 and has collected information relating to restitution claims from each of them, and has shared that information with counsel for the defendant. The defendant agrees that the government could prove damages for the victims' past mental health treatment and medication co-payments in the amounts listed below.

6. Defense counsel has discussed this stipulation with the defendant, who has consented to pay restitution in the amounts to the victims in this case as specified below.

7. The parties agree that a reasonable and appropriate amount of restitution to be paid to Juvenile Victim 1 is $12,635.00.

8. The parties agree that a reasonable and appropriate amount of restitution to be paid to Juvenile Victim 2 is $1,984.55.

9. Pursuant to 18 U.S.C. § 3664(i), based upon the amount of each victim's loss, and accounting for the economic circumstances of each victim, for the first $3,969.10 in restitution collected from the defendant, the parties request that the Court order the Clerk of the Court to pay equal amounts to Juvenile Victim 1 and Juvenile Victim 2. After the payment of the first $3,969.10 (when Juvenile Victim 2 will be paid in full) is split equally between the victims, all of the remaining restitution payments shall go towards Juvenile Victim 1's restitution amount.

10. No other individuals have made any claims for victim restitution at this time. Through this Stipulation, all issues of restitution in this case are therefore considered resolved. Consequently, the

parties request that the Court enter an amended judgment, reflecting the restitution amounts to be paid to the victims designated above, in the manner set forth in Paragraph 9, and that the Court vacate the restitution hearing set for March 7, 2023, at 9:30 a.m.

Dated: March 6, 2023

PHILLIP A. TALBERT
United States Attorney

By: /s/ CHRISTINA McCALL
CHRISTINA McCALL
Assistant United States Attorney

Dated: March 6, 2023

/s/ Christina Sinha
Christina Sinha
Assistant Federal Defender for
Defendant KEITH WILLETTE

PHILLIP A. TALBERT
United States Attorney
ROSANNE L. RUST
CHRISTINA McCALL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

ALICIA A. BOVE
Department of Justice, Trial Attorney
United States Department of Justice, Criminal Division
Child Exploitation & Obscenity Section
1301 New York Avenue, N.W.
Washington, D.C.  20005

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:19-CR-44 JAM |
|---|---|
| Plaintiff, | **ORDER REGARDING RESTITUTION** |
| v. | |
| KEITH WILLETTE, | |
| Defendant. | |

The Court having considered the stipulation of the government and the defendant, Keith Willette, ("defendant") with respect to restitution in this matter, and good cause appearing therefore, hereby ORDERS:

The individuals identified as "Juvenile Victim 1" and "Juvenile Victim 2" are victims in this case, meaning Juvenile Victim 1 and Juvenile Victim 2 are individuals harmed as a result of a commission of a crime under Chapter 110 of Title 18, which includes defendant's crime, as provided in 18 U.S.C. § 2259(c).

A reasonable and appropriate amount of restitution for the defendant to pay Juvenile Victim 1 as a result of the crimes the defendant committed in this case is: $12,635.00 for mental health counseling. A reasonable and appropriate amount of restitution for defendant to pay Juvenile Victim 2 as a result of the crimes the defendant committed in this case is: $1,984.55 for mental health counseling and medication co-payments.  Thus, total restitution ordered is $14,619.55.  The Court determines that the defendant does not have the ability to pay interest and orders that the interest requirement is waived for the restitution ordered.

Pursuant to 18 U.S.C. § 3664(i), based upon the amount of each victim's loss, and accounting for the economic circumstances of each victim, for the first $3,969.10 in restitution collected from the defendant, the Clerk of the Court shall distribute the restitution payments to Juvenile Victim 1 and Juvenile Victim 2 in equal amounts, and not by the Clerk's standard proportionate or pro-rata payment structure.  The requirement that the first $3,969.10 of restitution be split equally between Juvenile Victim 1 and Juvenile Victim 2 is based upon individualized considerations in this case.  After the payment of the first $3,969.10 (when Juvenile Victim 2 will be paid in full), all of the remaining restitution payments shall be paid to Juvenile Victim 1.

The government shall provide the Clerk of the Court with the full name and address of Juvenile Victim 1 and Juvenile Victim 2 and the Clerk of the Court shall keep that information confidential.  The Court will issue an amended Judgment and Commitment Order to reflect the restitution ordered, and the way in which the payments will be distributed.  The restitution hearing currently scheduled for March 7, 2023, at 9:30 a.m. is hereby vacated.

IT IS SO ORDERED.

Dated: March 6, 2023

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE